Ignacio **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1214–97.

Court of Criminal Appeals of Texas, En Banc.

Jan. 7, 1998.

Keith S. Hampton, Cynthia L. Hampton, Austin, for appellant.

Jonathan Stick, Asst. Dist. Atty., Matthew Paul, State's Atty., Austin, for State.

## *OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted Appellant of capital murder. The State did not seek the death penalty, so Appellant was sentenced to confinement for life. The Court of Appeals affirmed the conviction. *Hernandez v. State*, 952 S.W.2d 59 (Tex.App.—Austin 1997).

On appeal, Appellant alleged his oral and written confessions were involuntary. He asked the Court of Appeals to review the issue de novo, but the Court of Appeals declined and followed DuBose v. State, 915 S.W.2d 493 (Tex.Cr.App.1996).

The second ground of Appellant's petition for discretionary review asserts the Court of Appeals erred in failing to conduct a de novo review. This Court recently stated:

> [A]ppellate courts, including this Court, should afford almost total deference to a trial court's determination of the historical facts that the records supports, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. The appellate courts, including this Court, should afford the same amount of deference to trial courts' rulings on "applications of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. The appellate courts may review *de novo* "mixed questions of law and fact" not falling within this category.

*Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Cr. App.1997).

When the Court of Appeals issued its opinion in the instant case, it did not have the benefit of our opinion in *Guzman*. We grant Appellant's petition for discretionary review on the second ground, vacate the Court of Appeals' judgment, and remand this case to that court for reconsideration in light of *Guzman*. Appellant's first ground for review is dismissed without prejudice.

McCORMICK, P.J., and MANSFIELD and KELLER, JJ., dissent.