

# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GUADALUPE GUY PEREZ. Appellant

No. 05-97-01626-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F97-21043-QR).
Opinion delivered by Justice Roach, Justices Whittington and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered March 11, 1999.

_____
JOHN R. ROACH
JUSTICE



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

No. 05-97-01626-CR
No. 05-97-01627-CR

---

**GUADALUPE GUY PEREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F97-27043-QR & F97-16371-QR**

---

## OPINION

Before Justices Whittington, Roach, and O'Neill
Opinion By Justice Roach

Guadalupe Guy Perez appeals his convictions for aggravated sexual assault of a child under the age of fourteen. A jury convicted appellant and assessed punishment in each case at ninety-five years in prison and a $10,000 fine. In four points of error, he complains the trial court erred in (1) admitting his written confession, (2) admitting the written translation of his confession, (3) finding that the State gave reasonable notice of its intent to introduce extraneous offenses, and (4) admitting evidence of extraneous offenses pursuant to article 38.37 of the Texas Code of Criminal Procedure. For the reasons set forth below, we overrule all points of error. We affirm the trial court's

judgments.

## FACTUAL BACKGROUND

S.S. testified appellant is her uncle and began sexually abusing her when she was seven years old. The abuse continued for several years. S.S. testified that he penetrated her vagina with his penis and his fingers "many times" and that he tried to make her touch his penis with her hand. During the times of abuse, appellant was living with S.S., her mother, her sister and two brothers, and the babysitter, who was appellant's girlfriend. S.S. told her mother what had been happening when she was about thirteen years old. Appellant ultimately gave a statement to the police in which he admitted touching S.S. on her vagina three times when she was eleven years old. The jury convicted appellant of aggravated sexual assault, and he appealed.

## CONFESSION

In his first point of error, appellant contends the trial court erred in admitting State's Exhibit No. 1, his written Spanish-language confession into evidence. It appears that the crux of appellant's complaint on appeal is that no Spanish-speaking person was present when he wrote out his statement in Spanish and the record therefore does not establish that he understood his right to remain silent.

Two witnesses testified at a pretrial hearing on the voluntariness of appellant's statement. Detective Jerry Pomposelli testified that appellant was arrested and he went to question him about eighteen hours later. He informed appellant of his rights in English, and Detective Jose Flores informed appellant of his rights in Spanish. Although appellant appeared to understand English and spoke some English, Pomposelli testified that he had Flores inform appellant of his rights in Spanish because he wanted to ensure that appellant understood those rights. After Flores informed appellant

of his rights in Spanish, appellant "indicated that he did" understand them. Pomposelli said he told appellant that there was allegations involving many girls and then talked to appellant for about an hour to an hour and a half. He said that appellant "really didn't say anything, other than he thought they were making it up."[1] Appellant then wrote a statement and signed it. In the statement, appellant acknowledged touching S.S. on her vagina when she was eleven years old. Pomposelli testified that he did not threaten appellant nor did he make him any promises in exchange for his statement.

Detective Flores testified that he read appellant his rights in Spanish, asked if appellant understood his rights, and appellant said "Si." Appellant did not appear confused nor did he ask any questions regarding his rights. After reading appellant his rights, Flores said he left the interview room. He said he was not present when appellant wrote his statement. Flores said he believed appellant spoke English but that the officers asked him to read the rights in Spanish to make sure that appellant "completely understood his rights prior to giving a statement." He said he believed a Spanish-speaking secretary translated the written statement given by appellant.

At the conclusion of the hearing, appellant argued that (1) there was no one present who spoke Spanish when he executed his statement, (2) no Spanish-speaking person testified that he saw appellant write the statement, and (3) the witnesses at the hearing did not speak Spanish but testified appellant wrote the words. Thus, appellant objected that the State had failed to prove "the necessary predicate" to the confession's admission. The trial court ruled the statement was voluntarily given.

The standard of review set forth in *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997),

---

[1] Later, he explained his testimony:

> What I stated earlier, he stated that the girls made it up. When I asked him specifically about the other girls that were involved, I asked him if he wanted to talk about them and he said that no, that they were making that up. But he wouldn't elaborate as to why he thought that or anything else.

applies to claims concerning the voluntariness of oral and written statements. *See Hernandez v. State*, 957 S.W.2d 851, 852 (Tex. Crim. App. 1998) (per curiam). As a general rule, we afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. Likewise, we afford the same amount of deference to mixed questions of law and fact, if resolving those ultimate questions turns on evaluating credibility and demeanor. *Id.* However, we review *de novo* "mixed questions of law and fact" not falling within this category. *Id.* In this case, the facts are undisputed; accordingly, we review *de novo* whether those facts establish voluntariness.

Determining whether a confession is voluntary must be based on the totality of the circumstances surrounding its acquisition. *McCoy v. State*, 713 S.W.2d 940, 955 (Tex. Crim. App. 1986), *cert. denied*, 480 U.S. 940 (1987). The State has the burden to prove the voluntariness of a confession. *Gentry v. State*, 770 S.W.2d 780, 789 (Tex. Crim. App. 1988), *cert. denied*, 490 U.S. 1102 (1989).

On appeal, it appears appellant is complaining that his confession was somehow rendered involuntary by the fact that Detective Flores left the interview room after explaining his rights to him rather than remaining present during the questioning. He contends this violated section one of article 38.22. We disagree. Although the statute requires that warnings be given by a magistrate or "the person to whom the statement is made," TEX. CODE CRIM. PROC. ANN. art. 38.22, § 1 (Vernon 1979), the provision is satisfied if the person to whom the statement is made was present when the statutory warnings were read to the accused. *Dowthitt v. State*, 931 S.W.2d 244, 258 (Tex. Crim. App. 1996). Here, appellant gave the statement to Pomposelli. Pomposelli read appellant his

rights in English and was present when Flores read appellant his rights in Spanish. Therefore, we conclude the statute was not violated.

Appellant also contends his written statement contradicts his oral statement to the police and "there is no explanation in the record as to how an incriminating confession, based upon a voluntary, knowing and intelligent waiver of the right to remain silent, could have resulted from the interrogation conducted in this case, where [appellant] was maintaining his innocence during the hour and a half interrogation as related by the police officers." Initially, we note that the record is unclear as to whether appellant was "maintaining his innocence" with respect to S.S, as opposed to the "other girls." Regardless, the record shows that there were allegations against appellant involving several girls, and two different police departments were investigating him. The fact that appellant may have originally told the officer the girls fabricated the allegations does not render his later confessions involuntary. Nor is it "suspicious" that he signed a written statement after talking to Pomposelli for an hour to an hour and a half without a Spanish-speaking officer present. Pomposelli testified that he did not make appellant any promises or threaten him in any way to obtain the statement and there is no evidence in this record to the contrary. Finally, to the extent he argues that a better procedure would be to record or videotape appellant's statement, there is nothing in the rule to require such a procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon 1979 & Supp. 1999). Based on the evidence presented, we conclude appellant's statement was admissible and the trial court did not err in allowing it at trial. We overrule the first point of error.

In his second point of error, he complains the trial court reversibly erred in admitting State's Exhibit No. 9, the English translation of his written confession. In particular, he complains (1)

Detective Flores was not a certified translator and was not qualified to translate his statement from Spanish to English and (2) Flores's translation contains grammatical errors, misspellings or inconsistent spellings, and questionable translations.

We have reviewed the record in this case and, after doing so, conclude we need not decide whether the trial judge erred in admitting the written translation of appellant's statement because, even if he did, the same evidence was admitted earlier without objection. In particular, appellant did not object when Flores orally translated appellant's statement from Spanish to English for the jury; he only objected later when the State offered Flores's written translation.

The overruling of an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Leday v. State*, No. 1125-97, slip op. at 10 (Tex. Crim. App. Dec. 16, 1998). This rule applies whether the other evidence was introduced by the defendant or the State. *Id.* Because the same facts as provided in the written statement were proven by other unobjected-to testimony, *i.e.* Flores's oral translation, we conclude error, if any, was harmless. *Id.* at 10-11. We overrule the second point of error.

## EXTRANEOUS OFFENSES

In his third point of error, appellant contends the trial court erred in ruling that the State gave reasonable notice in advance of trial of its intent to introduce extraneous offenses in its case in chief. The record shows that appellant filed his request for notice, which was limited to Texas Rule of Evidence 404(b), on the first day of trial.[2] The request for notice was therefore untimely and did not trigger the notice requirements of the rule. *See Espinosa v. State*, 853 S.W.2d 36, 39 (Tex. Crim. App. 1993).

---

[2] We note that the record contains no request by appellant for notice pursuant to article 38.37 of the code of criminal procedure. Thus, any complaints with respect to that rule are waived.

Regardless, we conclude the notice provided by the State was sufficient. Appellant was charged in two indictments with aggravated sexual assault of a child. One indictment alleged digital penetration and the other alleged penile penetration. Appellant contends that the complainant was improperly allowed to testify that appellant penetrated her with his penis and finger "many times." Thus, it appears that appellant complains that evidence of repeated commission of the acts alleged in the indictment constituted evidence of extraneous offenses and he was entitled to notice of each separate act. We disagree. *See Worley v. State,* 870 S.W.2d 620, 621-22 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd) (holding that appellant's multiple commissions of sexual acts charged in indictment are not extraneous offenses for evidentiary purposes for which State must provide notice under rule 404(b)). To the extent appellant complains that the complainant was allowed to testify that he tried to get her to touch his genitals, notice of such an act was provided by the State. We overrule the third point of error.

In his fourth point, appellant complains the trial court erred in admitting evidence of crimes, wrongs, or acts pursuant to article 38.37 of the code of criminal procedure. Appellant does not set forth which particular evidence he is complaining of, but it appears he has limited his complaint to the testimony regarding digital and penile penetration, both of which acts were alleged in the indictment. We have previously concluded such was not evidence of extraneous acts. Even assuming it was, and to the extent he is complaining about evidence of any other sexual misconduct that he committed against the complainant, such evidence was relevant and admissible in this prosecution.

Article 38.37 of the Texas Code of Criminal Procedure states, in pertinent part, that:

> Notwithstanding Rules 404 and 405, Texas Rules of Criminal
> Evidence, evidence of other crimes, wrongs or acts committed by the

defendant against the child who is the victim of the alleged offense *shall be admitted* for its bearing on relevant matters, including:

(1) state of mind of the defendant and the child; and

(2) the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2 (Vernon Pamph. 1999).

The complainant, who was fourteen at trial, testified the abuse began at age seven. She testified appellant penetrated her vagina with his penis and his fingers on many occasions, put his mouth on her vagina, and tried to make her touch his penis. Appellant argues that the trial court erred in allowing this evidence in under article 38.37 because it was not relevant. We disagree.

Article 38.37 applies to prosecutions for sexual offenses committed against a child under seventeen years of age. *Id.* at § 1. By enacting article 38.37, the legislature in effect determined that, in certain sexual abuse cases, evidence of "other crimes, wrongs or acts" committed by the accused against the child are relevant and admissible under rule 402 (and notwithstanding rules 404 and 405). *See Stable v. State*, 970 S.W.2d 682, 689 (Tex. App.–Dallas 1998, pet. ref'd). In this case, the complainant's testimony involved evidence of sexual abuse by appellant against her. Accordingly, the complained-of evidence in this case met the requirement of the rule and was therefore admissible. Accordingly, the trial court did not err in allowing the evidence at trial. We overrule the fourth point of error.

We affirm the trial court's judgments.

JOHN R. ROACH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47