TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00307-CR






Mark Perkins, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0982585, HONORABLE MIKE LYNCH, JUDGE PRESIDING







 Mark Perkins appeals from his conviction for aggravated robbery with a deadly
weapon. See Tex. Penal Code Ann. § 29.03 (West 1994). He complains of the State's alleged
failure to adequately give him his Miranda warnings prior to making a videotape recording of his
statement. Because we conclude the State's warnings sufficiently complied with the requirements
of Texas Code of Criminal Procedure article 38.22 (West 1979 & West Supp. 2000), we will
affirm. 


Background


 Perkins and an accomplice forcefully entered the victim's home, stabbed her and
removed personal property from her home. After his arrest and after receiving his Miranda
warnings, Perkins acknowledged his understanding of his rights and signed a waiver of rights. 
See Miranda v. Arizona, 384 U.S. 436 (1966). The police videotape recorded Perkins's
confession of his involvement in the robbery. At the hearing on his motion to suppress, Perkins
challenged the admissibility of the videotape. After hearing the interrogating officer's testimony
and reviewing the videotape, the trial court overruled Perkins's objections and concluded the
recording was admissible. The trial court found in its findings of fact that Perkins knowingly
waived his right to an attorney and freely and voluntarily, without being induced by any
compulsion, threats, promises, or persuasion, consented to having his confessed statements during
a police interview recorded on videotape. The trial court concluded as a matter of law that the
statements were in compliance with Miranda and article 38.22 of the Code of Criminal Procedure
and that the statements were admissible. The trial court admitted both the videotape of the
confession and the signed card during the guilt/innocence phase of the trial. Additionally, the trial
court admitted the transcription of the videotape recording during the punishment phase. The jury
found Perkins guilty of aggravated robbery with a deadly weapon. The court sentenced Perkins
to thirty-eight years' confinement in the Texas Department of Criminal Justice-Institutional
Division. Perkins raises two issues on appeal.


Discussion


 In his first issue, Perkins contends the confession was illegally and
unconstitutionally obtained and introduced at trial because he did not give a knowing and
voluntary confession.

 Texas Code of Criminal Procedure article 38.22 section 3(a) provides in pertinent
part that no statement of an accused made as a result of a custodial interrogation shall be
admissible against the accused in a criminal proceeding unless prior to the statement but during
the recording the accused is given the Miranda warnings and the accused knowingly, intelligently,
and voluntarily waives any rights set out in the warning. Tex. Code Crim. Proc. Ann. art. 38.22,
§ 3(a)(2) (West Supp. 2000).

 The trial court is the sole and exclusive trier of fact and judge of the credibility of
the witnesses as well as the weight to be given their testimony at a motion to suppress hearing. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Appellate courts should afford
almost total deference to a trial court's determination of the historical facts that the record
supports especially when the trial court's fact findings are based on an evaluation of credibility
and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Appellate courts
should also afford the same amount of deference to trial courts' rulings on mixed questions of law
and fact if the resolution of those ultimate questions turns on an evaluation of credibility and
demeanor. Id. A de novo review is appropriate for mixed questions of law and fact not falling
within this category. Guzman, 955 S.W.2d at 89. The question of admissibility of an oral
confession under article 38.22 is a mixed question of law and fact. Romero, 800 S.W.2d at 543. 
 A statement is involuntary for purposes of federal due process only if there was
official, coercive conduct of a nature such that any statement obtained thereby was unlikely to
have been the product of an essentially free and unconstrained choice by the maker. Alvarado v.
State, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995); Alvarado v. State, 853 S.W.2d 17,19 n.4
(Tex. Crim. App. 1993). Absent coercive police conduct causally related to the confession, no
basis exists for concluding that any state actor has deprived a criminal defendant due process of
law. Alvarado, 912 S.W.2d at 211 (citing Colorado v. Connelly, 479 U.S. 157, 164 (1986)). 
The court determines the voluntariness of the statement from the totality of the circumstances. 
Gonzales v. State, 807 S.W.2d 830, 32-33 (Tex. App.--Houston [1st Dist.] 1991, pet. ref'd).

 Detective Stephen Hamblin conducted the interview with Perkins. The
transcription of the recorded confession states in relevant part:


Hamblin: Mr. Perkins, my name is Detective Hamblin. Reads rights. Do you
understand what I've read to you.


Perkins: Yes sir.


Hamblin: I'm kind of hard of hearing, so if you'll speak up. If you'll sign this
that acknowledges that I've read this to you.


Perkins: OK. What is this about?"



According to the recording, Perkins then signed the waiver of rights card and discussed the
robbery with Hamblin.

 During the motion to suppress hearing, Detective Hamblin testified about
interrogating Perkins. Hamblin testified that before speaking with Perkins, he advised Perkins
of his constitutional rights and asked Perkins if he understood them. According to Hamblin,
Perkins acknowledged his understanding by nodding his head and signing the waiver card. 
Perkins did not ask for an attorney or ask to stop the interview. Hamblin stated that he did not
coerce or threaten Perkins into giving a statement and did not promise him anything in exchange
for a statement. In addition to introducing the videotape, the State also introduced the written
waiver signed by Perkins which lists the statutory warnings. Perkins signed his name below the
sentence which reads: "I have received and understand the warning on the other side of this card. 
I agree to waive these Rights and make a Statement."

 Perkins contends his statement was not voluntary because he did not read the
waiver card before signing it and was not asked if he wanted to waive his rights. According to
Perkins, his failure to read the statutory rights and the officer's instruction to sign the waiver
without first inquiring whether he wanted to waive his rights renders the confession involuntary.

 Nothing in article 38.22 requires an accused to read the statutory warnings card. 
It is only required that the accused receive the warnings and then knowingly, intelligently and
voluntarily waive the rights set out in the warnings. Tex. Code Crim. Proc. Ann. art. 38.22,
§§ 2, 3(a) (West 1979 & West Supp. 2000). According to the transcription of Perkins's
statement, the statutory warnings were read to him, he stated that he understood what was read
and signed a card waiving his rights. Perkins did not attempt to exercise any of the statutory
rights. See Delgado v. State, 840 S.W.2d 594, 597 (Tex. App.--Corpus Christi 1992, no pet.)
(where accused was read statutory rights, understood them, did not seek to exercise any right and
without evidence of coercion or evidence of incompetency, trial court correctly held confession
was voluntary).

 This Court has previously held that a similar instruction to sign a waiver of rights
was sufficient. See Hernandez v. State, 952 S.W.2d 59 (Tex. App.--Austin 1997), vacated on
other grounds, 957 S.W.2d 851 (Tex. Crim. App. 1998) (case vacated and remanded for appellate
court to reconsider whether confession was voluntary under standards announced in Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). Hernandez challenged the admissibility of
his videotaped statement contending he did not voluntarily and knowingly waive his rights. In
support of his position, Hernandez relied on the failure of the videotape to show that he
understood his rights prior to giving his statement. When asked whether he understood his rights,
his recorded response was unintelligible. Id. at 64. The transcript of the recording, however,
revealed that after the unintelligible response, the police officer read Hernandez the
acknowledgment and waiver of rights form and showed him where to sign "so that it will be
known that you understood those" rights. Id. Hernandez then signed the form as shown on the
videotape. Id. This Court concluded that Hernandez acknowledged his understanding of his rights
and that he knowingly, intelligently and voluntarily waived his rights before giving his statement. 
Id. at 65. Like Hernandez, Perkins was instructed to sign the waiver of rights card without any
express inquiry whether he wanted to waive the statutory rights. Accordingly, we reject Perkins's
argument that his failure to read the statutory warnings or the failure of the officer to ask whether
he wanted to waive his rights render the statement involuntary. 

 Perkins also argues that his inquiry of Hamblin after his rights were read indicates
his statement was not voluntary. After signing the waiver, Perkins asked Hamblin "what is this
about?" Perkins contends on appeal that he was asking about his rights. When asked on cross-examination, Hamblin explained that he believed Perkins was asking about the subject of the
interrogation. Informing the accused of the full subject matter of the interrogation is not essential
to a finding of valid waiver of Fifth Amendment rights. Corwin v. State, 870 S.W.2d 23, 32 (Tex.
Crim. App. 1993) (citing Colorado v. Spring, 479 U.S. 564, 577 (1987)). The trial court was
free to give weight to Hamblin's testimony and to conclude from its own review of the recorded
statement whether Perkins's inquiry related to his Miranda warnings or the subject of the
interrogation. We will not disturb the trial court's fact findings which relate the credibility and
demeanor of witnesses. See Guzman 955 S.W.2d at 89. We overrule Perkins's first issue. 

 In his second issue, Perkins contends that because he did not expressly waive his
rights, the statement was not voluntary. An explicit waiver of constitutional rights is not required. 
Mays v. State, 904 S.W.2d 920, 924 (Tex. App.--Fort Worth 1995, no pet.). Waiver can be
clearly inferred from the actions and words of the person interrogated. See North Carolina v.
Butler, 441 U.S. 369, 373 (1979). A court may find an intelligent and understanding rejection
of the right to counsel where the accused did not expressly state as much. Id. n.4. Similarly, the
refusal of an accused to sign a written waiver does not preclude a finding of waiver of the
statutory warnings. See id. at 376 n.5. By acknowledging his understanding of the statutory
rights, signing the waiver and talking with Detective Hamblin without asking for an attorney or
terminating the interview, Perkins's conduct supports the trial court's conclusion that Perkins
voluntarily and knowingly waived his rights. We overrule Perkins's second issue. 

Conclusion


 Having overruled both of Perkins's issues, we affirm the trial court judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: April 13, 2000

Do Not Publish



y warnings were read to him, he stated that he understood what was read
and signed a card waiving his rights. Perkins did not attempt to exercise any of the statutory
rights. See Delgado v. State, 840 S.W.2d 594, 597 (Tex. App.--Corpus Christi 1992, no pet.)
(where accused was read statutory rights, understood them, did not seek to exercise any right and
without evidence of coercion or evidence of incompetency, trial court correctly held confession
was voluntary).

 This Court has previously held that a similar instruction to sign a waiver of rights
was sufficient. See Hernandez v. State, 952 S.W.2d 59 (Tex. App.--Austin 1997), vacated on
other grounds, 957 S.W.2d 851 (Tex. Crim. App. 1998) (case vacated and remanded for appellate
court to reconsider whether confession was voluntary under standards announced in Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). Hernandez challenged the admissibility of
his videotaped statement co