NO. 07-00-0208-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 1, 2001

______________________________

DORU LUNG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 262
ND
 DISTRICT COURT OF HARRIS COUNTY;

NO. 820,996; HONORABLE MIKE ANDERSON, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following a guilty plea for the offense of possession with intent to deliver a controlled substance, appellant Doru Lung was placed on deferred adjudication for five years and assessed a $750 fine.  By a sole issue, he challenges the denial of his motion to suppress evidence contending the impoundment and inventory search of his automobile subsequent to his arrest was an unreasonable and warrantless search in violation of the Fourth Amendment, article 1, section 9 of the Texas Constitution, and article 38.23 of the Texas Code of Criminal Procedure.  Based upon the rationale expressed herein, we affirm.

 When Officer Rocha arrived at the scene of a two car automobile accident on August 15, 1999,  he observed a gray Saturn being driven away from the scene of the accident.  Katrina Lera, the driver of the second vehicle told the officer that the gray vehicle was involved in the accident.  The officer followed the gray Saturn which appellant drove  approximately 300 feet away from the scene of the accident to a residence.  After appellant  parked the car on the grass at the private residence of an acquaintance, Kevin Draughon, he walked towards the front driveway as the officer approached and told the officer that he was returning to the scene and was just there to drop off the car.  After the officer placed appellant in the back of his patrol car, during conversation with the officer, appellant’s friend told the officer that he had no objection to the towing of appellant’s car back to the scene of the accident, and according to the testimony of the officer, concluded “Go ahead and tow it.”  After the officer had the car towed to the scene of the accident for investigation and Lera identified appellant and his car,  Officer Rocha placed appellant under arrest for the offense of failure to stop and give information.  Following appellant’s arrest, the officer   proceeded to inventory appellant’s  car before having it towed.  During the inventory which was conducted pursuant to established Sheriff Department’s policy, Officer Rocha found a clear plastic bag containing crack cocaine in the unlocked console between the seats.  By written motion, appellant requested that all evidence seized resulting from his arrest be suppressed.  Following a hearing, the trial court denied appellant’s motion to suppress and pursuant to a plea bargain, appellant plead guilty and was granted deferred adjudication. 

In reviewing an appeal from the trial court's denial of a motion to suppress, great deference is afforded to the trial court's decision on mixed questions of law and fact that turn on an evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997).  However, for mixed questions of law and fact which do not fall within this category, an appellate court may conduct a 
de novo
 review of the trial court's ruling.  Hernandez v. State, 957 S.W.2d 851, 852 (Tex.Cr.App. 1998) (citing 
Guzman
).  In other words, 
de novo
 review applies only when the facts are undisputed.  State v. Jennings, 958 S.W.2d 930, 932 (Tex.App.-- Amarillo 1997, no pet.).  Also, questions involving reasonable suspicion and probable cause permit an appellate court to conduct a 
de novo
 review.  
See
 Loesch v. State, 958 S.W.2d 830, 832 (Tex.Cr.App. 1997). 

By his sole issue, appellant challenges the denial of his motion to suppress evidence contending that the impoundment and inventory search of his automobile subsequent to his arrest was an unreasonable and warrantless search in violation of the Fourth Amendment, article 1, section 9 of the Texas Constitution, and article 38.23 of the Texas Code of Criminal Procedure.
(footnote: 1)  We disagree.

   At the suppression hearing, Officer Rocha was called as a witness by the State and appellant’s friend, Kevin Draughon, testified for appellant.  Draughon testified that  after appellant’s car was towed from his property to the scene of the accident, he went inside his house and did not go to the scene of the accident.  Although he testified that he would not have objected if appellant’s car remained parked on his property, he did not tell Officer Rocha that appellant’s car could be parked on his property after appellant was arrested and before plans were made to impound appellant’s unattended car.  According to the sequence of events, appellant’s car was not impounded and inventoried until after it had been returned to the scene of the accident and identified by the other driver and appellant had been arrested.  Also, it is significant to note that appellant does not contend that he did not leave the scene of the accident as prohibited by sections 550.022 and 550.023 of the Texas Transportation Code Annotated, or that his arrest for failure to stop and give information was unlawful.  Instead, appellant  focuses his argument  on his contention that notwithstanding his arrest for failure to stop and give information, the subsequent  impoundment and inventory of his unattended car which had been towed back to the scene of the accident was unlawful.  

An inventory has long been recognized as a valid exception to the warrant requirement of the Fourth Amendment.  Autran v. State, 887 S.W.2d 31, 34 (Tex.Cr.App. 1994), citing Illinois v. Lafayette, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983).  Inventories serve three purposes: (1) to protect the owner’s property while it is in police custody; (2) to protect the police against claims or disputes over lost or stolen property; and (3) to protect the police or public from potential danger.  South Dakota v. Opperman, 428 U.S. 364, 375-76, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). An inventory is permissible under both the Federal and State Constitutions if conducted pursuant to a lawful impoundment.  
Opperman
, 428 U.S. at 375-76; Benavides v. State, 600 S.W.2d 809, 810 (Tex.Cr.App. 1980).  Thus, we must first determine whether appellant’s car was lawfully impounded.

Lawful impoundment of a car exists under many circumstances.  Lagaite v. State, 995 S.W.2d 860, 865 (Tex.App.–Houston [1st Dist.] 1999, pet. ref’d).  Impoundment may be reasonable when (1) the car has been used in the commission of a crime; (2) an unattended car is abandoned, illegally parked, or otherwise endangering other traffic; (3) the driver is incapacitated and unable to remove the car; or (4) the driver is removed from the car, placed under custodial arrest, and his property cannot be protected by any other means. [Citations omitted].

The State argues that this search was proper under the inventory exception to the warrant requirement conducted under a lawful impoundment.  
See
 Mayberry v. State, 830 S.W.2d 176, 179 (Tex.App.–Dallas 1992, pet. ref’d).  However, to be a lawful impoundment no other alternative can be available.  
Id.  
The reasonableness of the impoundment is determined by: (1) the availability of someone at the scene who police could give possession; (2) whether the vehicle was impeding traffic or was a danger to public safety; (3) whether the vehicle was locked; (4) whether the detention of the arrestee would be likely of such duration as to require the police to protect the property; (5) whether there was some reasonable connection between the arrest and the vehicle; and (6) whether the vehicle was used in the commission of a crime.  
Id.
 at 179-80.  In any event, the State bears the burden of proving that the impoundment was lawful.  
Id.
  

Appellant left his car at the residence of an acquaintance after leaving the scene of the accident.  By leaving the scene of the accident and failing to give information, appellant used his vehicle to commit an offense.  
See 
Tex. Trans. Code Ann.  §§ 550.022, 550.023 (Vernon 1999).  Impoundment of a vehicle is proper when the vehicle has been used in the commission of a crime. 
 Lagaite
, 995 S.W.2d at 865.  The officer towed the vehicle  to the scene of the wreck for positive identification.  After appellant was arrested, no one was available to take possession of the car.  Appellant’s reliance on Gords v. State, 824 S.W.2d 785 (Tex.App.--Dallas 1992, pet. ref’d) is misplaced because (1) Gord’s car was not driven from the scene of an accident contrary to the statutes, and (2) in 
Gords
, the court noted that  “there were other people at the arrest site to whom the car presumably could have been given.”  
Id
. at 788.  Here, however, appellant drove the car from the scene of the accident and his friend was not present at the arrest site to take possession of appellant’s unattended car.  According to the Sheriff Department’s policy, the officer was required to inventory the vehicle as a precautionary measure to insure the contents of the vehicle.  Therefore, we conclude the trial court did not abuse its discretion in denying appellant’s motion to suppress.  Appellant’s sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

         Justice

Do not publish.

FOOTNOTES
1:
Article 38.23(a) provides that [n]o evidence obtained by an officer . . . in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.  Although appellant includes article 38.23 in the text of his issue, he does not argue nor support his contention in the body of the brief.  Thus, we do not address his contention that article 38.23(a) was violated.  Tex. R. App. P. 38.1(h); Vasquez v. State, 22 S.W.3d 28, 31 (Tex.App.–Amarillo 2000, no pet.)