In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00091-CR
______________________________


JOHN MICHAEL BAKER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the Fifth Judicial District Court
Cass County, Texas
Trial Court No. 2004-F-00091


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Carrying with them a search warrant and the separate, detailed affidavit on which the warrant
was based, officers entered and searched the home of John Michael Baker in Atlanta, Texas, finding
and seizing numerous pieces of evidence associated with a suspected methamphetamine laboratory
in Baker's home. The subsequent indictment against Baker charged him with manufacturing an
analogue of methamphetamine. At trial, it was proven that the substances seized from the Baker
home, in fact, contained methamphetamine. At trial, a jury found Baker guilty of manufacturing a
controlled substance, resulting in a sentence of twenty years' imprisonment.
            Baker's appeal asserts first that the evidence is legally insufficient because of a purported
material variance between the evidence at trial—proving manufacture of methamphetamine—and
the indictment—charging manufacture of an analogue of methamphetamine. Baker also complains
that the search and seizure was defective, in that the warrant failed to properly reference the
supporting affidavit. We affirm the trial court's judgment because (1) any variance between the
evidence at trial and the indictment is immaterial, and (2) the search warrant adequately incorporated
the accompanying affidavit.
(1) Any Variance Between the Evidence at Trial and the Indictment Is Immaterial
            In his first point of error, Baker argues the evidence is legally insufficient because of a
material variance between the offense charged and the evidence at trial. "A 'variance' occurs when
there is a discrepancy between the allegations in the charging instrument and the proof at trial."
Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). Only a material variance requires
reversal. See Fuller v. State, 73 S.W.3d 250, 253 (Tex. Crim. App. 2002). In reviewing the legal
sufficiency of the evidence, we view the relevant evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).
            Although Baker had been charged with manufacture of an analogue of methamphetamine,
the evidence at trial showed all the substances tested actually contained methamphetamine. Karen
Ream, a chemist for the Texas Department of Public Safety, testified that, although not all the
compounds were in their final form,


 seven different items seized by the police contained
methamphetamine. 
            Section 481.106 provides that penalty group 1 includes controlled substance analogues. Tex.
Health & Safety Code Ann. § 481.106 (Vernon Supp. 2006). A "controlled substance analogue"
is defined as
(A) a substance with a chemical structure substantially similar to the chemical
structure of a controlled substance in Schedule I or II or Penalty Group 1, 1-A, or 2; 
or
(B) a substance specifically designed to produce an effect substantially similar to,
or greater than, the effect of a controlled substance in Schedule I or II or Penalty
Group 1, 1-A, or 2.

Tex. Health & Safety Code Ann. § 481.002(6) (Vernon Supp. 2006). Baker argues the evidence
is legally insufficient because the evidence established that the compounds were methamphetamine
rather than analogues of methamphetamine.
            We agree with the State that no variance exists. While the statute distinguishes between
controlled substances and controlled substance analogues, the plain language of the statute is
sufficiently broad to include, within the definition of a controlled substance analogue, the relevant
controlled substance. Obviously, a substance which is actually methamphetamine would have a
chemical structure "substantially similar" to methamphetamine. Indeed, the structures would be
identical. We do not believe the phrase "substantially similar" excludes a controlled substance from
fitting within the definition of its analogue.
            Even if a variance exists, the variance would be immaterial. "[A] variance that is not
prejudicial to a defendant's 'substantial rights' is immaterial." Gollihar, 46 S.W.3d at 247–48; see
Stevens v. State, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995); see also Rojas v. State, 986 S.W.2d
241, 246 (Tex. Crim. App. 1998). And only a material variance will render the evidence insufficient. 
Fuller, 73 S.W.3d at 253.
            To determine whether a defendant's "substantial rights" have been prejudiced, we must
consider two questions: whether the indictment, as written, informed the defendant of the charge
sufficiently to allow him or her to prepare an adequate defense at trial, and whether prosecution
under the indictment as drafted would subject the defendant to the risk of being prosecuted later for
the same crime. Gollihar, 46 S.W.3d at 248. Baker's contention in this connection is simply that
there is a variance; he makes no claim or showing of how the alleged variance prejudiced him. 
Because Baker has failed to show his substantial rights were prejudiced,


 the variance, if any, is
immaterial.
            Viewed in a light most favorable to the prosecution, a rational juror could have found all the
essential elements of the offense beyond a reasonable doubt. In a statement given to the
investigating officers, Teresa Baker, Baker's wife, alleged that her husband had been "cooking"
methamphetamine once or twice a week for approximately one year. In addition, Baker admitted,
in his statement to the police, that he was in the process of "cooking" methamphetamine when
arrested by the police. Seven different items seized from Baker's home contained methamphetamine
in an amount greater than four grams but less than 200 grams. The evidence is legally sufficient. 
We overrule Baker's first point of error.
(2)  The Search Warrant Adequately Incorporated the Accompanying Affidavit
            At the time the search warrant was executed, the affidavit was not attached to the search
warrant; and officers served on Baker only the warrant and the inventory of seized items. Baker
argues the search warrant is insufficient because it fails to specifically describe the person, place, or
thing to be searched. Although the supporting affidavit contains specific descriptions of the person,
place, and items sought, Baker contends the affidavit was not properly incorporated into the warrant. 
According to Baker, the search therefore violated the United States and Texas Constitutions; see U.S.
Const. amend. IV; Tex. Const. art. I, § 9; and the trial court erred in overruling his motion to
suppress the fruit of the search. We disagree.
            A trial court's decision to grant or deny a motion to suppress is reviewed under an abuse of
discretion standard. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). We afford
almost total deference to a trial court's determination of the historical facts supported by the record,
especially when the trial court's findings are based on an evaluation of credibility and demeanor.


 
Id. At a suppression hearing, the trial court is the exclusive trier of fact and judge of the credibility
of the witnesses. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review de novo
those questions not turning on credibility and demeanor. Hernandez v. State, 957 S.W.2d 851 (Tex.
Crim. App. 1998).
            Based on various information sources not at issue here, Lisa Ahrens, a narcotics investigator
for the Ark-La-Tex Narcotics Task Force, presented to a judge a detailed affidavit supporting her
request for a warrant to search Baker's residence, accompanied by a proposed search warrant. After
Ahrens swore that all the facts in the affidavit were true and signed the affidavit, the trial judge
executed the verification form on the affidavit and signed the warrant. At that time, the affidavit was
attached to the search warrant. In executing the search warrant, the police discovered numerous
items suspected of containing methamphetamine, as well as chemicals and equipment commonly
used to manufacture methamphetamine. 
            Baker cites Groh v. Ramirez, 540 U.S. 551 (2004), as support for the proposition the search
warrant is inadequate. In Groh, the search warrant did not describe the property to be seized or
incorporate the detailed affidavit by reference. However, Groh noted "most Courts of Appeals have
held that a court may construe a warrant with reference to a supporting application or affidavit if the
warrant uses appropriate words of incorporation and if the supporting document accompanies the
warrant." Id. at 557–58. It is a well-established rule in Texas that, when a search warrant
incorporates an attached affidavit, the documents should be considered together. Long v. State, 132
S.W.3d 443, 447 n.11 (Tex. Crim. App. 2004). Groh is clearly distinguishable from the facts of this
case because the warrant in this case explicitly incorporates the affidavit by reference.
            Baker argues the language in the search warrant is so vague that no reasonable person would
have notice of what affidavit is being incorporated. We disagree. The warrant refers to an "attached
affidavit" and states the "said Affidavit is hereby made part hereof for all purposes as if fully copied
herein." Ahrens testified the affidavit was attached to the warrant at the time it was presented to the
judge,


 and both the warrant and the affidavit bear the judge's signature and the same date.


 While
the language of the warrant may not be ideal in referring to the affidavit, it is sufficient to incorporate
the affidavit. The description contained in an affidavit controls over the description contained in the
warrant. Ashcraft, 934 S.W.2d at 735. Because the affidavit is incorporated, the warrant is adequate.
            We note the evidence at trial showed the affidavit was no longer attached to the search
warrant when the search warrant was served on Baker.


 Even if the failure to provide the affidavit
to Baker violates the Texas Code of Criminal Procedure, ministerial violations of the search warrant
statutes do not vitiate the search warrant in the absence of a showing of prejudice. Id. (failure to
physically attach affidavit does not invalidate search absent prejudice or harm); Turner v. State, 886
S.W.2d 859, 865 (Tex. App.—Beaumont 1994, pet. ref'd) (absent evidence of harm, failure to serve
probable cause affidavit does not require suppression of evidence); see Roberts v. State, 963 S.W.2d
894, 903 (Tex. App.—Texarkana 1998, no pet.). Baker has failed to show he was prejudiced
because the affidavit was not attached to the warrant when served.
            Because the warrant adequately incorporates the affidavit, and because Baker has not shown
he was prejudiced by the failure to serve a copy of the affidavit on him, we overrule Baker's second
point of error.
            We affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          August 1, 2006
Date Decided:             August 23, 2006

Do Not Publish