LESLIE LEANN SEAT V. STATE OF TEXAS







NO. 07-05-0429-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 30, 2007
______________________________

LESLIE LEANN SEAT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2004-487,057; HONORABLE L. B. RUSTY LADD, JUDGE
_______________________________

 
Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Following the denial of her motion to suppress evidence, appellant Leslie Leann
Seat entered a guilty plea, conditioned on her right to appeal, to the misdemeanor offense
of driving while intoxicated. Appellant’s sole contention on appeal is that the trial court
erred by denying her motion to suppress evidence when the officer failed to establish, by
specific and articulable facts, his reasonable suspicion that appellant committed a traffic
violation or that appellant was, had been, or soon would be engaged in criminal activity. 
We affirm.
Factual Background
          Texas Department of Public Safety Sergeant


 Mitchell J. Jones was traveling south
on IH-27 near mile marker 2 in the City of Lubbock just after 2:00 a.m. on December 20,
2003. A red Ford Mustang, also traveling south on IH-27, approached his patrol car from
the rear. To him, it appeared the Mustang’s driver had the car’s “high beams on, on
bright.” He said the lights were “extremely bright making it difficult for me to see.” Because
he suspected a violation of Traffic Code section 547.333(c)(2),


 Sergeant Jones stopped
the Mustang. 
           When Sergeant Jones talked with the Mustang’s driver, appellant, she explained
that the car’s fog lights were on, not its high beam headlights. Jones concluded his
suspicion of a traffic code violation had been mistaken. Based on the strong odor of an
alcoholic beverage emitting from the passenger compartment of the Mustang, and
appellant’s slurred speech, however, Jones detained her further, leading eventually to her
arrest and the instant prosecution.
 
                                                                   Issue
          By her sole issue on appeal, appellant contends that the trial court erred in failing
to suppress the evidence against her as it was the product of an unreasonable seizure in
violation of the Fourth Amendment to the United States Constitution and article one,
section nine of the Texas Constitution. 
                                                               Analysis
Standard of Review
           A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. 
Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). An appellate court must view
the evidence in the light most favorable to the court’s ruling. State v. Ballard, 987 S.W.2d
889 (Tex.Crim.App. 1999). In a suppression hearing the trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony. State v. Ross, 32
S.W.3d 853, 855-56 (Tex.Crim.App. 2000). 
          Accordingly, when reviewing an appeal from the trial court's denial of motion to
suppress, great deference is afforded to the trial court's decision on mixed questions of
law and fact that turn on an evaluation of credibility and demeanor. Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). However, for mixed questions of law and fact which
do not fall within this category, an appellate court may conduct a de novo review of the trial
court's ruling. Hernandez v. State, 957 S.W.2d 851, 852 (Tex.Crim.App. 1998) (citing
Guzman, 955 S.W.2d at 89)). Additionally, the trial court’s determination of whether the
facts give rise to reasonable suspicion is reviewed de novo on appeal. Loesch v. State,
958 S.W.2d 830, 832 (Tex.Crim.App. 1997). Finally, if the trial court's decision is correct
on any theory of law applicable to the case, we will uphold that decision. Ross, 32 S.W.3d
at 855-56; Singleton v. State, 91 S.W.3d 342, 347 (Tex.App.–Texarkana 2002, no pet.). 
Standard for Traffic Stop
            It was the State's burden at the suppression hearing to show Sergeant Jones had
at least a reasonable suspicion that appellant had either committed an offense or was
about to do so before he made the warrantless stop. Richardson v. State, 39 S.W.3d 634,
638 (Tex.App.–Amarillo 2000, no pet.). That determination is based on the totality of the
circumstances. We must look at all of the facts together to make the reasonable suspicion
determination. Loesch, 958 S.W.2d at 832.
           An investigatory stop of a vehicle or person by the police does not violate the
Fourth Amendment if articulable facts support a reasonable suspicion that the vehicle or
person stopped has been or is involved in criminal activity. United States v. Cortez, 449
U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). A reasonable suspicion exists if a
reasonable person in the position of the officer making the stop, with the training and
experience of the officer, and with the knowledge possessed by the officer, could suspect
that the vehicle or person stopped has been or is connected to criminal activity. Cortez,
449 U.S. at 421-22; see Ford v. State, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005)
(“[r]easonable suspicion exists if the officer has specific, articulable facts that, when
combined with rational inferences from those facts, would lead him to reasonably conclude
that a particular person actually is, has been, or soon will be engaged in criminal activity”). 
The subjective thoughts and intentions of the officer making the stop are not determinative
of whether articulable facts support a reasonable suspicion. Whren v. United States, 517
U.S. 806, 813, 116 S.Ct. 1769, 1244, 35 L.Ed.2d 89 (1996). Rather, the Fourth
Amendment's concern with reasonableness allows certain actions to be taken in certain
circumstances, whatever the subjective intent of the officers involved. Id. at 814. The
standard used to measure the conduct of police under the Texas Constitution is, like its
federal counterpart, an objective one. Crittenden v. State, 899 S.W.2d 668, 673-74
(Tex.Crim.App. 1995) 
Application of Standard 
         Appellant notes she has no quarrel with the notion that Sergeant Jones may have
believed she was operating her vehicle in violation of the traffic code. But she contends
his testimony provided the trial court no specific, articulable facts on which to assess the
objective reasonableness of his opinion. Accordingly, she argues, the State has failed to
shoulder its burden to demonstrate the sergeant had a reasonable suspicion to believe she
was, or soon would be, violating the law. 
          Appellant likens Jones’s testimony to that in Ford, 158 S.W.3d at 493, in which the
officer testified at the suppression hearing that he was directly behind the defendant’s
vehicle on the highway, and saw it was “following too close” behind another vehicle. The
court held the officer’s testimony presented the trial court with only a conclusory statement
that the defendant was violating a traffic law,


 finding “an absence of any facts allowing an
appellate court to determine the circumstances upon which the officer could reasonably
conclude that Ford actually was, had been, or soon would have been engaged in criminal
activity.” Id. (internal citation omitted).
          Here, Sergeant Jones testified he suspected appellant was in violation of the traffic
law providing that “an operator approaching a vehicle from the rear within 300 feet may not
select the uppermost distribution of light.” Tex. Transp. Code Ann. § 547.333(c)(2) (Vernon
1999). Like that of the officer in Ford, Jones’s testimony establishes the vantage point
from which he made the observations supporting his suspicion. Jones said he was
traveling south on IH-27 and appellant’s vehicle approached him from behind. But, unlike
the testimony in Ford, Jones’s testimony contains facts reasonably supporting his suspicion
that appellant was approaching his vehicle from the rear within 300 feet while using her
car’s high beam headlights. It was, as noted, just after 2:00 a.m. His testimony showed
he observed her lights in his car’s mirrors. He said the lights “were extremely bright making
it difficult for me to see.” The comparison with the officer’s unsupported conclusion in Ford
might be appropriate if Sergeant Jones merely had said appellant’s “high beam lights were
on.” His description of the extreme brightness of the lights as they appeared in his mirrors
and the effect on his vision, though short, contains objective facts, allowing the trial court,
and this court, to evaluate the reasonableness of Jones’s conclusion.
          Sergeant Jones’s testimony also distinguishes this record from that reviewed by this
court in Hernandez v. State, 13 S.W.3d 492 (Tex.App.–Amarillo 2000), rev’d on other
grounds, 60 S.W.3d 106 (Tex.Crim.App. 2001), on which appellant also relies. We said
the record there contained no evidence that the vehicle in question failed to dim its lights
when approaching another vehicle from the rear. Id. at 506. We pointed out also that the
record did not even show the position of the officer with respect to the vehicle. Id. Under
those circumstances, we found the officer’s scant testimony that he stopped the vehicle
“for driving with its lights on bright” inadequate to support the stop. Id. at 503. The
testimony here provides the objective facts absent from the record in Hernandez.
          Appellant further argues that Sergeant Jones’s testimony provided no objective basis
for a belief appellant’s vehicle was within 300 feet of his when he observed its bright lights. 
We disagree. We know from his testimony that appellant’s Mustang was close enough to
Jones that her fog lights made it difficult for him to see. Too, as appellant acknowledges,
the fact the sergeant performed a traffic stop shows appellant’s vehicle eventually passed
his. The sergeant responded negatively to a question asking whether “when this vehicle
approached you from behind, did you ever see the type of beam change?” Appellant would
have us infer from this testimony that Jones formed the belief she was in violation of the
statute but then did not observe her vehicle again until it passed him. To the contrary, we
find that consideration of all of the facts together permits the reasonable inference that
Jones’s observations included those made near the statutory distance even if appellant’s
vehicle was further away when he first noticed it. 
           Viewing the evidence in the light most favorable to the court’s ruling, Ballard, 987
S.W.2d at 891, we hold the court did not abuse its discretion by finding reasonable
suspicion to support the traffic stop. Accordingly, the trial court did not err by overruling
appellant's motion to suppress. Appellant’s issue is overruled and the judgment of the trial
court is affirmed. 
 
                                                                           James T. Campbell

                                                                                      Justice

 
 
 
 
 
Do not publish.