NO. 07-05-0429-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 30, 2007
_____

LESLIE LEANN SEAT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2004-487,057; HONORABLE L. B. RUSTY LADD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following the denial of her motion to suppress evidence, appellant Leslie Leann Seat entered a guilty plea, conditioned on her right to appeal, to the misdemeanor offense of driving while intoxicated. Appellant's sole contention on appeal is that the trial court erred by denying her motion to suppress evidence when the officer failed to establish, by specific and articulable facts, his reasonable suspicion that appellant committed a traffic violation or that appellant was, had been, or soon would be engaged in criminal activity. We affirm.

Factual Background

Texas Department of Public Safety Sergeant[1] Mitchell J. Jones was traveling south on IH-27 near mile marker 2 in the City of Lubbock just after 2:00 a.m. on December 20, 2003. A red Ford Mustang, also traveling south on IH-27, approached his patrol car from the rear. To him, it appeared the Mustang's driver had the car's "high beams on, on bright." He said the lights were "extremely bright making it difficult for me to see." Because he suspected a violation of Traffic Code section 547.333(c)(2),[2] Sergeant Jones stopped the Mustang.

When Sergeant Jones talked with the Mustang's driver, appellant, she explained that the car's fog lights were on, not its high beam headlights. Jones concluded his suspicion of a traffic code violation had been mistaken. Based on the strong odor of an alcoholic beverage emitting from the passenger compartment of the Mustang, and appellant's slurred speech, however, Jones detained her further, leading eventually to her arrest and the instant prosecution.

_____

[1] Sergeant Jones was a DPS trooper at the time of his stop of appellant, but a sergeant at the time of the hearing on her motion to suppress. He was the only witness at the hearing.

[2] *See* Tex. Transp. Code Ann. § 547.333 (Vernon 1999), stating:

> (c) A person who operates a vehicle on a roadway or shoulder shall select a distribution of light or composite beam that is aimed and emits light sufficient to reveal a person or vehicle at a safe distance ahead of the vehicle, except that: . . . (2) an operator approaching a vehicle from the rear within 300 feet may not select the uppermost distribution of light.

## Issue

By her sole issue on appeal, appellant contends that the trial court erred in failing to suppress the evidence against her as it was the product of an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution and article one, section nine of the Texas Constitution.

## Analysis

*Standard of Review*

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). An appellate court must view the evidence in the light most favorable to the court's ruling. *State v. Ballard*, 987 S.W.2d 889 (Tex.Crim.App. 1999). In a suppression hearing the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony*. State v. Ross*, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

Accordingly, when reviewing an appeal from the trial court's denial of motion to suppress, great deference is afforded to the trial court's decision on mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). However, for mixed questions of law and fact which do not fall within this category, an appellate court may conduct a *de novo* review of the trial court's ruling. *Hernandez v. State*, 957 S.W.2d 851, 852 (Tex.Crim.App. 1998) (citing *Guzman*, 955 S.W.2d at 89)). Additionally, the trial court's determination of whether the

3

facts give rise to reasonable suspicion is reviewed *de novo* on appeal. *Loesch v. State*, 958 S.W.2d 830, 832 (Tex.Crim.App. 1997). Finally, if the trial court's decision is correct on any theory of law applicable to the case, we will uphold that decision. *Ross*, 32 S.W.3d at 855-56; *Singleton v. State,* 91 S.W.3d 342, 347 (Tex.App.–Texarkana 2002, no pet.).

*Standard for Traffic Stop*

It was the State's burden at the suppression hearing to show Sergeant Jones had at least a reasonable suspicion that appellant had either committed an offense or was about to do so before he made the warrantless stop. *Richardson v. State,* 39 S.W.3d 634, 638 (Tex.App.–Amarillo 2000, no pet.). That determination is based on the totality of the circumstances. We must look at all of the facts together to make the reasonable suspicion determination. *Loesch*, 958 S.W.2d at 832.

An investigatory stop of a vehicle or person by the police does not violate the Fourth Amendment if articulable facts support a reasonable suspicion that the vehicle or person stopped has been or is involved in criminal activity. *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). A reasonable suspicion exists if a reasonable person in the position of the officer making the stop, with the training and experience of the officer, and with the knowledge possessed by the officer, could suspect that the vehicle or person stopped has been or is connected to criminal activity. *Cortez*, 449 U.S. at 421-22; *see Ford v. State*, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005) ("[r]easonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude

4

that a particular person actually is, has been, or soon will be engaged in criminal activity"). The subjective thoughts and intentions of the officer making the stop are not determinative of whether articulable facts support a reasonable suspicion. *Whren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 1244, 35 L.Ed.2d 89 (1996). Rather, the Fourth Amendment's concern with reasonableness allows certain actions to be taken in certain circumstances, whatever the subjective intent of the officers involved. *Id.* at 814. The standard used to measure the conduct of police under the Texas Constitution is, like its federal counterpart, an objective one. *Crittenden v. State*, 899 S.W.2d 668, 673-74 (Tex.Crim.App. 1995)

*Application of Standard*

Appellant notes she has no quarrel with the notion that Sergeant Jones may have believed she was operating her vehicle in violation of the traffic code. But she contends his testimony provided the trial court no specific, articulable facts on which to assess the objective reasonableness of his opinion. Accordingly, she argues, the State has failed to shoulder its burden to demonstrate the sergeant had a reasonable suspicion to believe she was, or soon would be, violating the law.

Appellant likens Jones's testimony to that in *Ford,* 158 S.W.3d at 493, in which the officer testified at the suppression hearing that he was directly behind the defendant's vehicle on the highway, and saw it was "following too close" behind another vehicle. The court held the officer's testimony presented the trial court with only a conclusory statement

5

that the defendant was violating a traffic law,[3] finding "an absence of any facts allowing an appellate court to determine the circumstances upon which the officer could reasonably conclude that Ford actually was, had been, or soon would have been engaged in criminal activity." *Id.* (internal citation omitted).

Here, Sergeant Jones testified he suspected appellant was in violation of the traffic law providing that "an operator approaching a vehicle from the rear within 300 feet may not select the uppermost distribution of light." Tex. Transp. Code Ann. § 547.333(c)(2) (Vernon 1999). Like that of the officer in *Ford*, Jones's testimony establishes the vantage point from which he made the observations supporting his suspicion. Jones said he was traveling south on IH-27 and appellant's vehicle approached him from behind. But, unlike the testimony in *Ford*, Jones's testimony contains facts reasonably supporting his suspicion that appellant was approaching his vehicle from the rear within 300 feet while using her car's high beam headlights. It was, as noted, just after 2:00 a.m. His testimony showed he observed her lights in his car's mirrors. He said the lights "were extremely bright making it difficult for me to see." The comparison with the officer's unsupported conclusion in *Ford* might be appropriate if Sergeant Jones merely had said appellant's "high beam lights were on." His description of the extreme brightness of the lights as they appeared in his mirrors and the effect on his vision, though short, contains objective facts, allowing the trial court, and this court, to evaluate the reasonableness of Jones's conclusion.

---

[3] Statute requires that a vehicle's operator, when following another vehicle, "maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway." Tex. Transp. Code Ann. § 545.062(a) (Vernon 1999).

Sergeant Jones's testimony also distinguishes this record from that reviewed by this court in *Hernandez v. State,* 13 S.W.3d 492 (Tex.App.–Amarillo 2000), *rev'd on other grounds*, 60 S.W.3d 106 (Tex.Crim.App. 2001), on which appellant also relies. We said the record there contained no evidence that the vehicle in question failed to dim its lights when approaching another vehicle from the rear. *Id*. at 506. We pointed out also that the record did not even show the position of the officer with respect to the vehicle. *Id*. Under those circumstances, we found the officer's scant testimony that he stopped the vehicle "for driving with its lights on bright" inadequate to support the stop. *Id*. at 503. The testimony here provides the objective facts absent from the record in *Hernandez.*

Appellant further argues that Sergeant Jones's testimony provided no objective basis for a belief appellant's vehicle was within 300 feet of his when he observed its bright lights. We disagree. We know from his testimony that appellant's Mustang was close enough to Jones that her fog lights made it difficult for him to see. Too, as appellant acknowledges, the fact the sergeant performed a traffic stop shows appellant's vehicle eventually passed his. The sergeant responded negatively to a question asking whether "when this vehicle approached you from behind, did you ever see the type of beam change?" Appellant would have us infer from this testimony that Jones formed the belief she was in violation of the statute but then did not observe her vehicle again until it passed him. To the contrary, we find that consideration of all of the facts together permits the reasonable inference that Jones's observations included those made near the statutory distance even if appellant's vehicle was further away when he first noticed it.

7

Viewing the evidence in the light most favorable to the court's ruling, *Ballard,* 987 S.W.2d at 891, we hold the court did not abuse its discretion by finding reasonable suspicion to support the traffic stop.  Accordingly, the trial court did not err by overruling appellant's motion to suppress.  Appellant's issue is overruled and the judgment of the trial court is affirmed.

James T. Campbell<br>
Justice

Do not publish.