Enrique Xavier **RODRIGUEZ**,
Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–88–00906–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 13, 1989.

Discretionary Review Refused
Nov. 8, 1989.

---

Robert A. Scardino, Jr., Houston, for appellant.

John M. Bradley, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Appellant waived jury trial and the court convicted him of possession with intent to deliver cocaine weighing at least 400 grams and assessed punishment at confinement for forty years in the Texas Department of Corrections and a fine of $50,000.

In three points of error appellant alleges: (1) his stop and warrantless arrest lacked probable cause; (2) consent to search his automobile was not voluntary; and (3) admitting his oral admission violated TEX. CRIM.PROC.CODE ANN. art. 38.22 § 3(c). We affirm.

A Houston Police Narcotics Division officer received word from a reliable and credible confidential informant that appellant would soon arrive at a certain McDonald's restaurant driving a vehicle containing a large amount of cocaine. Approximately a dozen police officers converged on the crowded location with weapons drawn. Appellant was arrested without a warrant as he walked from the parking lot. Police took him and his car to a residential area several blocks away where he was given *Miranda* warnings. Appellant gave his permission to search the vehicle after being told that a search warrant was obtainable but that it would be a time-consuming process. Handcuffs were removed and appellant signed a consent form for the search which revealed five army-type duffel bags in the trunk. The arresting officer asked what the bags contained and appellant replied "cocaine." "In all five bags?", asked the arresting officer. "Yes," replied appellant who then signed another consent form authorizing officers to open the bags. Officers decided against opening the bags and took them instead to the police station where a trained narcotics "sniffing" dog made a "hit" on the car parked among other cars and another "hit" on one of the duffel bags when it was removed from the car and placed on the ground. The five duffel bags were opened inside the police

station and 90 packages were revealed containing cocaine totalling 81.5 kilograms by laboratory analysis.

A hearing on motion to suppress evidence was held at which the arresting officer said the rationale for immediate removal of appellant from the scene of the arrest to the residential area was police and public safety. It was also an attempt to prevent the intended drug transferee from learning of the seizure. The officer said that he tried unsuccessfully to enlist appellant as another confidential informant while questioning him on the street of the residential subdivision.

The defense brought a private psychologist who had conducted a clinical interview as well as two types of IQ testing on appellant. The psychologist described appellant's mentality as being in the "low-average range," "dull," and "borderline" (meaning diminished intellectual capacity as far as concentrating or understanding [legal] concepts and abstractions). The psychologist found no hallucinations, delusions, or psychoses; appellant was not retarded; knew the difference between right and wrong; and was competent to stand trial.

Two U.S. Drug Enforcement Administration agents had been at both the scene of the arrest at McDonald's and at the automobile search made in the residential location. One of the DEA agents presented the court with his confidential written report of the investigation. The court reviewed the confidential report in camera along with a version which had been edited to delete all references to the identity of the confidential informant. The unedited DEA report was sealed and taken solely for appellate court reading, if desired. The "sanitized" version of the DEA report was also made a part of the appellate record without waiver by the defense of any constitutional interests or issues before the court.

The court found probable cause for the arrest and that by consent of appellant, both oral and written, there had been a properly-conducted police search. The bags found inside the trunk and the contraband in the bags were admitted into evidence.

The court was told on its own inquiry that the arrest was made only on *suspicion* of possession of cocaine based on information received from the confidential informant. The court verified police jurisdiction and chain of possession, learning also that police did not know for a fact that appellant was in possession of cocaine until appellant made his incriminating statements about the five duffel bags containing cocaine.

At the brief trial following the hearing on the motion to suppress it was agreed by the State, the appellant and the appellant's attorney that the court could consider all the evidence "heard" on the pretrial motion, whereupon the court found appellant guilty.

This court has reviewed the full confidential DEA report and has concluded that the court below appropriately shielded its contents. The report also helps support the credibility and reliability of the confidential informant. However, this review for error brought on appeal is performed solely by reference to the open record available from the trial court. The record includes only the edited or "sanitized" version of the DEA report, which, while not formally introduced into evidence, was given to the defense, its author was subjected to cross-examination, and the defense requested that it be made a part of the record.

The "sanitized" version of the DEA report corroborates testimony of Houston police officers as to their use of a confidential informant, the details of arrest, removal of appellant to the residential area, the reading of his constitutional rights, and the obtaining of his waivers and consents to the search made without warrant.

█ In point of error number one appellant claims erroneous overruling of his motion to suppress evidence in light of an alleged lack of probable cause for the initial stop and subsequent warrantless arrest and search. Appellant relies in part on the law of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), to challenge the credibility and reliability of the

unidentified informant and to argue lack of probable cause. The rigid tests of *Aguilar* were addressed in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and were abandoned in favor of a more traditional "totality of the circumstances" approach to the determination of probable cause. *See, Riggs v. State*, 732 S.W.2d 765 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). Texas follows the *Gates* standards and applies them to situations involving the issuance of search and arrest warrants as well as warrantless arrests and searches. *See, Eisenhauer v. State*, 678 S.W.2d 947, 952 (Tex.Crim.App. 1984). The task of the reviewing court is not to make a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record to support the officer's assessment and decision to make the arrest. *Eisenhauer*, at 952.

■ Both appellant and the State in their briefs suggest the case before us involved a police "stop" before any arrest was made. If a mere police "stop" or "investigative detention" were involved, standards less than probable cause would apply, as recently reaffirmed by the Court of Criminal Appeals:

> It is clear that circumstances short of probable cause may justify temporary detention for purposes of investigation. To justify an investigative detention, the officer must have specific articulable facts, which, premised upon his experience and personal knowledge, when coupled with the logical inferences from those facts would warrant the intrusion on the detainee. These facts must amount to more than a mere hunch or suspicion. The articulable facts used by the officers must create some reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with the unusual activity, and some indication the unusual activity is related to crime. (All citations omitted).

*Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim.App.1989) (opinion on State's pet.).

■ A number of police officers with weapons drawn converged on appellant who had just left his parked automobile. They placed him in handcuffs and whisked him to another location for *Miranda* warnings and they sought his consent to search his automobile. It is difficult to characterize this initial police activity as an investigatory "stop" and it seems ludicrous to address the transaction as one of reasonable suspicion maturing into probable cause. Therefore, we feel the only proper standard is the higher one of probable cause for a warrantless arrest, as enunciated in *Eisenhauer v. State*, 678 S.W.2d, at 952–953, wherein the circumstances of *Almendarez v. State*, 460 S.W.2d 921 (Tex. Crim.App.1970), *cert. denied*, 402 U.S. 974, 91 S.Ct. 1663, 29 L.Ed.2d 139 (1971), are favorably mentioned. *Almendarez* involved a warrantless arrest and a search incident thereto after a police officer received information from a previously reliable informer. The information included automobile descriptions and license numbers, and that vehicles containing contraband (marijuana) would be found at a given location. The officer went to the location specified, verifying every fact given to him except the contraband which was then found upon warrantless search. This verification process was held to indicate that the previously reliable informant had spoken again with personal knowledge or obtained his information in a reliable way. These factors produced valid probable cause under the old *Aguilar* tests and survived into the *Gates* approach of totality of the circumstances. *Accord, Guerra v. State*, 760 S.W.2d 681, 688 (Tex.App.—Corpus Christi 1988, no writ); *Riggs v. State*, 732 S.W.2d, at 766.

■ In the case at hand, the arresting officer had more than five years service with the Narcotics Division of the Houston Police Department. Approximately 20 minutes prior to the arrest he received a telephone call from a reliable and credible informant. The information was that a Latin–American male known to the informant as "Henry" was in possession of a large quantity of cocaine. A description was given of the man and the car he would be driving (make, color, and license plate num-

ber). It was reported that the vehicle would arrive at or near the McDonald's location shortly. The informant had provided true and correct information concerning narcotics to the officer on at least four prior occasions, with the seizure of narcotics resulting in all cases and arrests made in most. Another Narcotics Division police officer confirmed the existence of the informer in the narcotics investigation which led to appellant's arrest. Both officers had made previous personal contact with the informant. At the given time and place, the described car arrived. It was driven by a person matching the description given by the informant. Appellant had "El Henry" tattooed on his forearm, but it is not clear whether police officers observed this prior to making the arrest.

We hold that the record supports a finding of probable cause for a warrantless arrest of appellant on suspicion of possession of a controlled substance, and that a warrantless search incident to that arrest was permissible and the evidence found in the search admissible under *Delgado v. State*, 718 S.W.2d 718 (Tex.Crim.App.1986). Point of error number one is overruled.

Having ruled that the search of appellant's vehicle was valid as being incident to a lawful arrest, there may be no need for ruling on the free and voluntary nature of the consents given by appellant to the search. However, the record shows clear and convincing evidence that the consents were voluntary and not the product of duress or coercion. Additionally, the contraband inevitably would have been discovered in the car either: (1) by issuance of a formal search warrant; (2) as a function of a normal inventorying of the contents of the automobile at its place of final detention; or, (3) by the narcotics dogs which did in fact detect the nature of the contents of the bags as well as their presence in the vehicle when it was brought to the police station. Appellant's point of error number two is overruled.

In point of error number three, appellant argues that his statements at the scene of the search (as to the bags in the trunk of the car containing cocaine) should not have been admitted. Appellant cites Tex.Crim.Proc.Code Ann. art. 38.22 § 3(c)

in his argument that his "confession" did not lead to the discovery of the cocaine and should therefore have been suppressed. A review of the record shows this is a ground of objection improperly being brought on appeal without having been raised by objection at trial. Tex.R.App.P. 52(a). *Pizzalato v. State*, 513 S.W.2d 566, 569 (Tex.Crim. App.1974). Appellant's admissions were offered in the hearing on motion to suppress, which proceedings were later adopted at trial in their entirety by consent of all parties. However, in the interest of judicial fairness, we will review. The testimony adduced by the court showed that officers did not know for sure that the bags found in the trunk of appellant's car contained cocaine until he told them they did. Later independent verification of appellant's statements occurred: (1) when narcotics dogs "sniffed" out the substance; (2) upon subsequent opening; and finally, (3) upon laboratory analysis which proved the contents to be cocaine. That later verification that cocaine was in the 5 bags found in the trunk supported the facts and the reliability of appellant's two oral statements and conduced to establish his guilty knowledge of the existence of the controlled substance in his possession. *Briddle v. State*, 742 S.W.2d 379, 388 (Tex.Crim. App.1987), *cert. denied,* — U.S. —, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988). The oral statements provided "information of *previously unknown* and *incriminating* evidence which was subject to being and was independently verified," and met the two tests of *Port v. State*, 738 S.W.2d 787, 789 (Tex.App.—Austin 1987, pet. granted). First, the oral statements contained facts not at the time known to the police but later were found to be true. Second, the facts of the statements conduced to establish that appellant had actual knowledge that there was a large quantity of cocaine in the trunk of the car he was driving. Appellant's third point of error is overruled.

The judgment of conviction is affirmed.