**John CURRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–01335–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 26, 1998.

John Thomas Floyd, Houston, for Appellant.

John B. Holmes, Dan McCrory, Houston, for Appellee.

Before MIRABAL, WILSON and TAFT, JJ.

**OPINION**

MIRABAL, Justice.

After his pretrial motion to suppress evidence was overruled, appellant John Curry entered a plea of nolo contendere with an

agreed recommendation. The trial court found appellant guilty of possession of between four and 200 grams of cocaine, found an enhancement paragraph true, and assessed punishment at 10–years confinement in accordance with the plea bargain. We affirm.

In his sole point of error, appellant asserts the trial court erred in overruling appellant's motion to suppress evidence. Specifically, appellant complains he was subjected to a warrantless arrest without probable cause and exigent circumstances, and therefore the fruits of the search incident to the unlawful arrest should have been suppressed.

The evidence at the suppression hearing showed that on July 11, 1996, at approximately 9:00 p.m., Officer Rios, a narcotics officer, received a call from one of his confidential informants. Rios had used this informant in the past and found him very reliable and credible. Officer Rios had been a Houston Police officer for more than 13 years. The officer answered the prosecutor's questions as follows:

Q. Did you form an opinion from using this confidential informant in the past whether or not they [sic] were reliable and credible?

A. Yes, sir. He is very reliable and credible.

Q. Had you used him—give the Court an impression of some of the results with the CI when you've used him in the past ?

A. They have resulted in seizures in narcotics and the arrest of narcotic suspects on different investigations.

Q. Has this happened a few times or many times?

A. Numerous times.

The informant told Rios that a black man named "John" would be driving a red pickup truck and would be in possession of crack cocaine. The man would be wearing glasses, had short black hair, weighed between 200 and 220 pounds, and stood between six-foot and sixfoot, two. The truck was described as a red 1985 or 1986 GMC shortbed pickup truck, equipped with a black tool box in the bed and chrome wheels. The man was scheduled to arrive at approximately 9:45 p.m. that evening at an HEB Food Store located at Beechnut and Corporate in Harris County.

Because he did not have time to secure a warrant, Rios and his partner, Officer Buchala, went straight to the HEB. On the way, the officers contacted a patrol unit to assist in the investigation. Rios and Buchala arrived at the HEB around 9:30 p.m. and set up surveillance in the parking lot.

At 9:40 p.m., the officers saw a red pickup truck matching the informant's description enter the parking lot. Appellant, who also matched the description, slowly drove the truck through the lot, as if he was looking for someone. Appellant then drove out of the lot and down the street. Rios followed appellant out of the lot and advised the patrol unit that appellant and his vehicle matched the description.

Appellant made a U-turn and turned into a gas station. The patrol car pulled in behind him. When appellant stepped out of his truck, an officer approached him. The officer placed appellant in the back of the patrol car. The patrol car and appellant's truck were moved behind an adjacent shopping center and appellant's truck was searched. The officers found 4.5 grams of crack cocaine divided among 18 small baggies, all inside one clear big ziplock baggie.

Appellant contends that the police unlawfully arrested him (1) without a warrant, (2) without probable cause, and (3) without exigent circumstances that might excuse the absence of a warrant.

■ A warrantless arrest or search is permissible only if the State shows (1) there is probable cause at the time the arrest or search is made, and (2) circumstances exist which make the procuring of a warrant impracticable. *McNairy v. State,* 835 S.W.2d 101, 106 (Tex.Crim.App.1991); *State v. Lopez,* 763 S.W.2d 939, 943 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).

■ We generally review a trial court's ruling on a motion to suppress for abuse of discretion. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App.1996); *Strickland v.*

*State*, 923 S.W.2d 617, 620 (Tex.App.—Houston [1st Dist.] 1995, no pet.). It has recently been held, however, that de novo review applies to a trial court's determination of reasonable suspicion and probable cause. *Ornelas v. United States*, 517 U.S. 690, 694–700, 116 S.Ct. 1657, 1661–63, 134 L.Ed.2d 911 (1996); *Guzman v. State*, 955 S.W.2d 85, 87–88 (Tex.Crim.App.1997). This is because the determination of reasonable suspicion and probable cause requires the application of law to facts. *Ornelas*, 517 U.S. at 694–98, 116 S.Ct. at 1661–62; *Guzman*, 955 S.W.2d at 87–89. Where the resolution of mixed questions of law and fact turns on an evaluation of credibility and demeanor, we should afford almost total deference to the trial court's fact findings; otherwise, we may review them de novo. *Guzman*, 955 S.W.2d at 89. We still review the evidence presented at the suppression hearing in the light most favorable to the trial court's ruling. *Id.*

The law is clear that probable cause for an arrest can exist based on the tip of a **reliable informant** if the informant's information is **highly detailed**, and the details given by the informant are **verified** by the officers before making the arrest. *Whaley v. State*, 686 S.W.2d 950, 951 (Tex.Crim.App.1985) (relying on *Illinois v. Gates*, 462 U.S. 213, 232–33, 103 S.Ct. 2317, 2329, 2333, 76 L.Ed.2d 527 (1983) and *Draper v. United States*, 358 U.S. 307, 313–14, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959)); *Rodriguez v. State*, 775 S.W.2d 27, 30–31 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd).

■ In the present case, Officer Rios testified that a reliable informant (1) had described appellant (black male named John, with glasses, short-black hair, 200–220 pounds, between six foot and six foot, two), (2) had described appellant's vehicle (red 1985 or 1986 shortbed GMC pick-up, chrome wheels, black toolbox in the bed), (3) had stated that appellant would be in possession of crack cocaine, and (4) had identified the time (approximately 9:45 p.m.) and place (HEB) that appellant could be found. Rios testified that he had used the informant in the past and found him very reliable and credible because his tips had resulted in the seizure of narcotics and arrests in numerous investigations. The details given by the informant were independently corroborated by Rios's surveillance of the HEB parking lot, during which Rios identified both appellant and his vehicle at the designated time and place.

The facts of this case are very similar to the facts in *Draper*, *Whaley*, and *Rodriguez* to the extent that the reliable informant in each case provided similarly detailed information that was verified by law enforcement officers. Following the lead of these cases, we conclude probable cause existed for the arrest in this case. *Draper*, 358 U.S. 307, 313–14, 79 S.Ct. 329, 333–34, 3 L.Ed.2d 327; *Whaley*, 686 S.W.2d at 951; *Rodriguez*, 775 S.W.2d at 30–31.

■ As for exigent circumstances, Rios received the tip from his informant at 9:00 p.m. The tip revealed that appellant would be at the HEB across town at 9:45 p.m. Appellant would be in a moving vehicle, and the informant did not say how long appellant would remain at the HEB. It took Rios and his partner 30 minutes to reach the HEB. Just 10 minutes after their arrival, at 9:40 p.m., appellant pulled into the parking lot, slowly drove through the lot as though looking for someone, and then pulled back onto the road and began to drive away. Rios was justified in believing there was not sufficient time to procure a warrant. Thus, there were exigent circumstances justifying the failure to obtain a warrant. *Jones v. State*, 640 S.W.2d 918, 920 (Tex.Crim.App.1982); *Hicks v. State*, 545 S.W.2d 805, 808–09 (Tex.Crim.App.1977).

Because there existed both probable cause and exigent circumstances justifying appellant's warrantless arrest, the trial court did not err in overruling appellant's motion to suppress. Accordingly, we overrule appellant's sole point of error.

We affirm the judgment.

TAFT, J., concurring.

TAFT, Justice, concurring.

I agree with the majority opinion that the search of appellant's truck and seizure of his cocaine can be justified as incident to a lawful

arrest. I would uphold the search and seizure as pursuant to appellant's consent obtained during a lawful temporary investigative detention, however. Because the facts support a lawful arrest, they are more than sufficient to support a lawful temporary investigative detention. *See Adams v. Williams,* 407 U.S. 143, 147, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972) (officer need not have the precise level of information necessary for probable cause to arrest before making temporary investigative detention).

During appellant's detention, Officer Rios identified himself as a narcotics officer and asked appellant if he had any problem with the officers searching his truck. Appellant gave permission, although Rios could not recall appellant's exact words. Despite appellant's testimony that the officers were already searching his truck when Rios asked for permission and appellant refused to give it, the trial court was entitled to resolve the conflicting evidence against appellant. Appellant was arrested after the cocaine was found in his truck.

I believe the facts underlying the search and seizure in this case are more like a temporary investigative detention than an arrest. *See Francis v. State,* 896 S.W.2d 406, 408–12 (Tex.App.—Houston [1st Dist.] 1995), *pet. dism'd,* 922 S.W.2d 176 (Tex.Crim.App. 1996). Therefore, I respectfully concur.