NO. 12-02-00236-CR


NO. 12-02-00244-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


CASEY MOSLEY,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






OPINION


 Casey Mosley ("Appellant") appeals his conviction for possession of between four ounces
and five pounds of marijuana, for which he was sentenced to imprisonment for two years. Appellant
also appeals his conviction for possession of between four grams and two hundred grams of cocaine,
for which he was sentenced to imprisonment for twenty years. Appellant raises one issue on appeal
in each cause. We affirm.


Background

 Appellant was charged in separate indictments with possession of between four ounces and
five pounds of marijuana and possession of between four grams and two hundred grams of cocaine. 
Appellant filed a motion to suppress in each cause arguing that the respective affidavit supporting
the search warrant at issue was not sufficient. The trial court overruled Appellant's motions to
suppress and made no findings of fact with regard thereto. 

 Appellant subsequently pleaded guilty to both charges and pleaded true to the enhancement
paragraph in each indictment. In conjunction with his guilty plea, Appellant was admonished in
writing and waived his right to appeal in each cause, but excepted issues concerning his motions to
suppress. Appellant likewise waived in writing his right to file a motion for new trial in each cause. 
 On June 7, 2002, Appellant was sentenced in each cause. (1) On July 5, 2002, Appellant filed
a motion for new trial in each cause. On July 30, 2002, the trial court, finding that Appellant was
entitled to a hearing on his motions for new trial, granted Appellant a setting therefor. The trial court
denied Appellant's motions for new trial on August 20, 2002. Appellant perfected the appeal of his
possession of marijuana conviction on August 26, 2002 while perfecting the appeal of his possession
of cocaine conviction on August 29, 2002.


Waiver of Motion for New Trial 

 In its sole cross point, the State argues that Appellant waived his right to file a motion for
new trial and, therefore, when Appellant filed his motion for new trial, it did not operate to extend
Appellant's time to file his notices of appeal. Because the State's cross point relates to our
jurisdiction to consider this appeal, we will address it first.

 As the State notes in its brief, in Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App.
2003), the court of criminal appeals held that a valid waiver of appeal, whether negotiated or not,
prevents a defendant from appealing any issue without the consent of the trial court. The State
argues that just as the filing of the waiver of appeal is binding on a defendant, so too should the
waiver of the right to file a motion for new trial bind a defendant. The State's argument presents a
matter of first impression. Yet, if we were to assume that the holding in Monreal is directly
analogous to the instant case, a defendant could still file a motion for new trial with the trial court's
consent. Id. In the case at hand, on the forms by which Appellant waived his right to file a motion
for new trial in each cause, there is a handwritten exception in the margin stating, "except as to
suppression issue heard and ruled by court." The initials of Appellant's attorney and the prosecuting
attorney appear above this notation. On the same page, the trial court signed an order accepting this
waiver. We conclude that this document evidences the trial court's grant of permission to Appellant
to appeal the issue of suppression it heard and ruled upon prior to trial. Moreover, the trial court
expressly found that Appellant was entitled to a hearing on his motions for new trial. Thus, by
granting Appellant a setting on his motions for new trial, we conclude that the trial court consented
to Appellant's filing of these motions and that such consent relates back to the date of filing. (2) Since
Appellant's motions for new trial, to which the trial court consented, were filed within thirty days
of the date Appellant's respective sentences were imposed, Appellant's time to file an appeal in each
case was extended to ninety days from the date the sentences were imposed. See Tex. R. App. P.
26.2(a)(2). We hold that Appellant's notices of appeal, filed within ninety days of the date
Appellant's respective sentences were imposed, were timely. The State's sole cross point is
overruled.

Motion to Suppress

 In his sole issue, Appellant argues that the affidavit in support of the search warrant at issue
failed to establish probable cause because it failed to demonstrate that the confidential informant
cited was reliable. 

Waiver

 The State first contends that Appellant waived the issue by failing to file his notices of appeal
in accordance with former Texas Rule of Appellate Procedure 25.2(b)(3). (3) While the State
recognizes that Appellant's notices of appeal set forth that the trial court gave Appellant permission
to appeal, it argues that the record does not reflect that such permission was actually given. We
disagree. 

 An appellant who has waived his right to appeal may still appeal so long as he has permission
from the trial court to do so. See Monreal, 99 S.W.3d at 622. Furthermore, in a criminal case,
where the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere,
and the punishment assessed did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant, the notice is sufficient if it states that the trial court granted permission
to appeal. See Tex. R. App. P. 25.2(b)(3)(C) (amended 2002). Here, since Appellant's notices of
appeal stated that he had received the trial court's permission to appeal, they were sufficient under
former rule 25.2(b). Id. Yet, if the record reflects that Appellant did not actually have such
permission, given Appellant's waiver of his right to appeal, we must dismiss for want of jurisdiction. 
See Monreal, 99 S.W.3d at 622. In the case at hand, as was the case with Appellant's waiver of his
right to file a motion for new trial, on the forms by which Appellant waived his right to appeal in
each cause, there is a handwritten exception in the margin stating, "except as to suppression issue
heard and ruled by court." The initials of Appellant's attorney and the prosecuting attorney appear
above this notation. On the same page, the trial court signed an order accepting this waiver. We
conclude that this document evidences the trial court's grant of permission to Appellant to appeal
the issue of suppression it heard and ruled upon prior to trial.

Trial Court's Ruling on Motion to Suppress

 We review a trial court's ruling on a motion to suppress for abuse of discretion. See
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.1996); Curry v. State, 965 S.W.2d 32, 33
(Tex. App.-Houston [1st Dist.] 1998, no pet.). In reviewing the trial court's ruling, we apply a
bifurcated standard of review. See Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000); Hernandez v. State, 957 S.W.2d 851, 852 (Tex. Crim. App. 1998). We give almost total
deference to the trial court's determination of historical facts, while conducting a de novo review of
the trial court's application of the law to those facts. See Carmouche, 10 S.W.3d at 327. The trial
court is the exclusive finder of fact in a motion to suppress hearing, and as such, it may choose to
believe or disbelieve any or all of any witness's testimony. Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990). Furthermore, when, as in the instant case, "the trial court fails to file
findings of fact, we view the evidence in the light most favorable to the trial court's ruling and
assume that the trial court made implicit findings of fact that support its ruling as long as those
findings are supported by the record." State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). 
If the trial judge's decision is correct on any theory of law applicable to the case, the decision will
be sustained. Id. at 856.

 In the case at hand, the State argued to the trial court that Appellant lacked standing to
challenge the search warrant because he was neither a resident nor an overnight guest at the trailer
that was the subject of the search warrant and, therefore, had no privacy interest therein. An accused
has standing to contest a search under the Fourth Amendment only if he had a legitimate expectation
of privacy in the place that government officials or agents invaded. Wilson v. State, 98 S.W.3d 265,
268 (Tex. App.-Houston [1st Dist.] 2002, pet ref'd) (citing Granados v. State, 85 S.W.3d 217, 223
(Tex. Crim. App. 2002)). The accused, because he has greater access to the relevant evidence, has
the burden of proving facts establishing a legitimate expectation of privacy. Villareal, 935 S.W.2d
at 138. To carry this burden, the accused must normally prove: (a) that by his conduct, he exhibited
an actual subjective expectation of privacy, i.e., a genuine intention to preserve something as private;
and (b) that circumstances existed under which society was prepared to recognize his subjective
expectation as objectively reasonable. Id. In determining whether a defendant's claim of privacy
is objectively reasonable, we may consider whether (1) the defendant had a property or possessory
interest in the place searched; (2) he was legitimately in the place searched; (3) he had complete
dominion or control and the right to exclude others; (4) prior to the intrusion, he took normal
precautions customarily taken by those seeking privacy; (5) he put the place to some private use; and
(6) his claim of privacy is consistent with historical notions of privacy. See id.

 Here, the record reflects that the trailer that was the subject of the search warrant at issue was
rented by Derrick Jenkins. (4) Appellant was not listed as a resident or renter of the property, did not
pay a deposit on the trailer, and did not pay rent on the trailer. The record further reflects that
Appellant was not permitted to live in the trailer and deal narcotics from it. Smith County Constable
Dennis Taylor ("Taylor"), who executed the search warrant at issue, testified that Appellant told him
that he resided in Dallas, Texas. Moreover, Taylor testified that Appellant "didn't know anything
about the house." No evidence was presented at the hearing on Appellant's motions to suppress
supporting that Appellant was an overnight guest at the house in question. Furthermore, the record
is silent as to the questions of (1) whether Appellant was legitimately in the place searched, (2)
whether he had complete dominion or control of the trailer, including the right to exclude others, (3)
whether prior to the intrusion, he took normal precautions customarily taken by those seeking
privacy, and (4) whether he put the place to some private use. We conclude that the record supports
the trial court's implicit finding that Appellant failed to meet his burden of proving that he had a
reasonable expectation of privacy in the place searched. Since Appellant has failed on appeal to
make any argument related to the State's contentions in the trial court that he lacked standing to
challenge the search warrant at issue, we must uphold the trial court's implicit finding that Appellant
did not have standing. Therefore, we hold that the trial court did not err in denying Appellant's
motions to suppress. Appellant's sole issue in each cause is overruled.


Conclusion

 Having overruled the State's cross point and Appellant's sole issue, we affirm the trial
court's order denying Appellant's motion to suppress.


 SAM GRIFFITH 

 Justice



Opinion delivered August 29, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.










(DO NOT PUBLISH)


1. Appellant was sentenced to imprisonment for two years for the possession of marijuana charge and
sentenced to imprisonment for twenty years for the possession of cocaine charge.
2. T
he State has cited no authority and made no argument that the trial court's order did not amount to
consent or that such consent could not relate back to the date Appellant filed his motions for new trial. The issue of
consent was a noted exception to the waiver issue in Monreal, 99 S.W.3d at 622, the only case authority cited by the
State in support of its cross point. The State's failure to brief the related issue of consent and whether such consent
relates back to the date the motions for new trial were filed amounts to waiver of such issues. See Tex. R. App. P.
38.1(h). 
3. Amended 2002.
4. The record reflects that the trailer was originally rented by Derrick Jenkins's sister.