NO. 12-03-00349-CR
NO. 12-03-00350-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


TIMOTHY LEE MULLINS,                             §     APPEAL FROM THE 241ST
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
            Timothy Lee Mullins appeals his convictions for possession of a firearm by a felon and
possession of a controlled substance. Appellant raises three issues on appeal. We affirm.

Background
            Appellant was charged in separate indictments with possession of a firearm by a felon


 and
possession of less than one gram of methamphetamine.


 Appellant pleaded “not guilty.” Prior to
his trial, Appellant, by written motion, sought to suppress evidence seized from his vehicle,
contending that such evidence was the product of an illegal arrest stemming from an unlawful
detention.
            On July 24, 2003, a hearing was conducted on Appellant’s motion. Tyler Police Department
Officer Steve Black testified on behalf of the State. Before Officer Black testified, Appellant
objected to his use of an unsigned, undated police report to refresh his recollection. The trial court
overruled Appellant’s objection.



            Officer Black testified that he stopped Appellant for a traffic offense on July 1, 2002. 
Specifically, Officer Black testified that he stopped Appellant because (1) Appellant failed to signal
a left turn, and (2) there was no light illuminating Appellant’s rear license plate so that it could be
seen from fifty feet away. Officer Black testified that he identified himself to Appellant and
requested that Appellant present his driver’s license and proof of insurance, which Appellant
produced. Officer Black then checked to see if Appellant had any warrants and subsequently
discovered that Appellant had two outstanding warrants in Van Zandt County for felon in possession
of a firearm and theft. Officer Black testified that he placed Appellant under arrest and conducted
a search of Appellant’s vehicle. 
            Appellant testified that he was detained by Officer Black with “no reason” and “wasn’t cited”
or ticketed for any conduct. Appellant denied that he was stopped for failing to signal a turn, and
further, testified that he, in fact, did engage his turn signal prior to making the turn in question. 
Appellant further testified that he did not feel as if he were free to leave from the moment he was
stopped and that he was detained for forty-five minutes before being placed under arrest. Appellant
testified that the 1992 Ford Ranger truck he was driving that night had been inspected in March
2002, and that he checked his lights, including his license plate lights, and tires each time before he
drove his vehicle. However, Appellant later conceded that he did not check his signal lights prior
to driving his vehicle that night and did not know if the signal light on the outside of the vehicle was
functioning that night. Appellant stated that he was twice asked for consent to search his vehicle,
but refused to give consent.


 Appellant testified that about fifteen or twenty minutes after Officer
Black stopped him, Officer Black told him he had warrants in Van Zandt County. Appellant denied
he had knowledge of any warrants for his arrest at the time he was stopped.
            Alan Little testified that he worked at Tyler Ford and was familiar with schematic diagrams
produced by Ford for all of its vehicles. Little testified that there were two lights designed to
illuminate the rear license plate, one on each side, which functioned independently of one another. 
However, Little conceded that he had never examined Appellant’s vehicle, nor was he aware of any
records at Tyler Ford indicating that anyone had examined Appellant’s vehicle. Little testified that
he had no personal knowledge of the events related to Appellant’s traffic stop or as to whether
Appellant’s license plate lights were functioning on the night in question. Little further conceded
that it was possible that one or both license plate lights on Appellant’s vehicle were burned out or
were malfunctioning.
            At the conclusion of the hearing, the trial court denied Appellant’s motion to suppress. This
appeal followed.

Rules of Evidence in Motions to Suppress
            In his first issue, Appellant argues that the trial court erred in admitting Officer Black’s police
report, which was unsigned and had no reliable indicia of authenticity or accuracy, into evidence at
the hearing on Appellant’s motion to suppress. Because suppression hearings involve the
determination of preliminary questions concerning the admissibility of evidence, the rules of
evidence, except as to privileges, do not apply. See Granados v. State, 85 S.W.3d 217, 227 (Tex.
Crim. App. 2002); Tex. R. Evid. 101(d)(1)(A). Appellant argues that the dissent in Granados is
more well-reasoned than the majority opinion. See Granados, 85 S.W.3d at 237–42 (Meyers, J.
dissenting). However, as Appellant recognizes in his brief, we are nonetheless bound by the
majority’s opinion in Granados. We hold that the trial court did not err in admitting Officer Black’s
police report over Appellant’s objection. Appellant’s first issue is overruled.

Legality of Search and Seizure
            In his second and third issues, Appellant argues that the trial court erred in determining that
Appellant’s initial stop was unlawful. As a result of what he contends was an unlawful detention,
Appellant further argues that his ensuing arrest was illegal. We review a trial court's ruling on a
motion to suppress for abuse of discretion. See Villarreal v. State, 935 S.W.2d 134, 138 (Tex.
Crim. App.1996); Curry v. State, 965 S.W.2d 32, 33 (Tex. App.–Houston [1st Dist.] 1998, no pet.). 
A trial court does not abuse its discretion when its decision is at least within the zone of reasonable
disagreement. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on
reh’g). 
 
            In reviewing the trial court’s ruling, we apply a bifurcated standard of review. See
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Hernandez v. State, 957
S.W.2d 851, 852 (Tex. Crim. App. 1998). We give almost total deference to the trial court’s
determination of historical facts, while conducting a de novo review of the trial court’s
application of the law to those facts. See Carmouche, 10 S.W.3d at 327. The trial court is the
exclusive finder of fact in a motion to suppress hearing, and as such, it may choose to believe
or disbelieve any or all of any witness’s testimony. Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990). Furthermore, when, as in the instant case, “the trial court fails to file
findings of fact, we view the evidence in the light most favorable to the trial court’s ruling and
assume that the trial court made implicit findings of fact that support its ruling as long as those
findings are supported by the record.” State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000). If the trial judge’s decision is correct on any theory of law applicable to the case, the
decision will be sustained. Id. at 856. 
            A routine traffic stop is a detention and, thus, must be reasonable under the United
States and Texas Constitutions. See Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App.
1997). To be reasonable, a traffic stop must be temporary and last no longer than is necessary
to effectuate the purpose of the stop. See Florida v. Royer, 460 U.S. 491, 500, 103 S. Ct. 1319,
1325, 75 L. Ed. 2d 229 (1983); Davis, 947 S.W.2d at 245. If the detention becomes prolonged,
it can no longer be considered an investigative stop; but there is no rigid time limitation on the
permissible length of an investigative stop. Herrera v. State, 80 S.W.3d 283, 288 (Tex.
App.–Texarkana 2002, pet. ref’d). 
            As a general matter, the Supreme Court has recognized that the decision to stop an
automobile is reasonable where the police have probable cause to believe that a traffic violation
has occurred. Walter v. State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000) (citing Whren v.
United States, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996)). 
Furthermore, during a routine traffic stop, an officer is permitted to detain the individual in
order to check for outstanding warrants. See Walter, 28 S.W.3d at 542. Once a police officer
makes a bona fide stop or arrest for a traffic offense, he can make an additional arrest for any
other offense unexpectedly discovered while investigating or questioning the motorist. See
Attwood v. State, 509 S.W.2d 342, 344 (Tex. Crim. App. 1974); Gant v. State, 116 S.W.3d 124,
134 (Tex. App.–Tyler 2003, pet. ref’d). If, during routine questioning related to the traffic
offense, the officer acquires probable cause on a more serious charge, he may arrest for that
offense and conduct a valid search for evidence incident to that arrest. Id.; see also Valencia
v. State, 820 S.W.2d 397, 399 (Tex. App.–Houston [14th Dist.] 1991, pet. ref'd).
            Here, Officer Black testified that he stopped Appellant for two traffic offenses — failing
to signal a turn, and not properly illuminating his license plate so that it was visible at a distance
of fifty feet. Officer Black further testified that he checked Appellant’s license for outstanding
warrants and was notified that Appellant had two such outstanding warrants in Van Zandt
County, Texas for felon in possession of a firearm and theft. Officer Black testified that he
placed Appellant under arrest and subsequently searched Appellant’s vehicle.
            We iterate that the trial court is the exclusive finder of fact in a motion to suppress
hearing, and as such, it may choose to believe or disbelieve any or all of any witness’s
testimony. Romero, 800 S.W.2d at 543. Even if we were to agree with Appellant’s assertions
in his brief that Officer Black’s testimony is simply not reliable in light of other evidence of
record, we would not supplant our views for the factfinder’s. Viewing the evidence, as we
must, in the light most favorable to the trial court’s ruling and assuming that the trial court made
implicit findings of fact that support its ruling, we hold that the trial court did not abuse its
discretion in overruling Appellant’s motion to suppress. Appellant’s second and third issues
are overruled.
 
Conclusion
            Having overruled Appellant’s issues one, two, and three, we affirm the trial court’s
judgment.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered July 30, 2004.
Panel consisted of Worthen, C.J. and Griffith, J.
DeVasto, J., not participating.
 
 
 
 
(DO NOT PUBLISH)