NO.
12-05-00355-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

STEPHEN DON WELLER, §                      APPEAL FROM THE 114TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Stephen Don
Weller appeals his conviction for possession of between one and four grams of
methamphetamine.  In two issues,
Appellant contends that (1) the trial court erred in failing to suppress
evidence and (2) his trial counsel’s failure to file a motion to suppress and
otherwise preserve error constituted ineffective assistance of counsel.  We affirm.

 

Background

            On May 16,
2004, Appellant arrived at the home of his ex-wife, Sandra Weller, to exercise
his right to court ordered visitation with their child.  Appellant was disoriented but insisted on
continuing the visit.  Eventually, he
fell asleep in the child’s bedroom.  When
Ms. Weller was unable to wake Appellant and could not reach Appellant’s mother,
she contacted the police.

            Smith County
Sheriff’s Deputies Mark Stinecipher and Rob Hartman arrived at Ms. Weller’s
home.  The officers took Appellant
outside Ms. Weller’s home to her front yard where they continued to talk to
him.  According to Stinecipher, Appellant
was acting strangely and appeared very intoxicated.  Believing that Appellant was a danger to himself
and others, the officers took him into custody and placed him in the back of a
patrol car.








            While
Appellant was sitting in the patrol car, Appellant’s mother, Sally Kleiner,
arrived at the scene.  Appellant asked
Ms. Kleiner to retrieve his keys, instructing her that she would find the keys
on his bed.[1]  Ms. Kleiner
requested that the officers accompany her to the house to retrieve the
keys.  Once in the house, Ms. Kleiner
initially looked on the bed for Appellant’s keys, but did not find them
there.  She expanded her search to the
entire bedroom.  When Ms. Kleiner opened
a briefcase located in the bedroom, the officers saw drug paraphernalia.  Ms. Kleiner then opened a container of
Altoids® she located in the briefcase.  Inside the Altoids® container, the
officers saw plastic bags containing a white crystallized substance they
believed to be methamphetamine.  The officers
seized the briefcase and its contents.

            Appellant
was charged by indictment for possession of between one and four grams of
methamphetamine.  Appellant pleaded “not
guilty,” and the case was tried to a jury. 
Ultimately, the jury found Appellant guilty as charged and assessed his
punishment at imprisonment for ten years and a fine of $5,000.00.  The trial court sentenced Appellant
accordingly, and this appeal followed.

 

Suppression
of Evidence

            In his first
issue, Appellant contends that the trial court erred in failing to suppress the
evidence of contraband found in a briefcase. 
Specifically, Appellant argues that the seizure of the briefcase and its
contents was the product of an illegal search conducted by the officers.

Standard of Review

            We review a
trial court's ruling on a motion to suppress for abuse of discretion.  See Villarreal v. State, 935
S.W.2d 134, 138 (Tex. Crim. App. 1996); Curry v. State, 965
S.W.2d 32, 33 (Tex. App.–Houston [1st Dist.] 1998, no pet.).  A trial court does not abuse its discretion
when its decision is at least within the zone of reasonable disagreement. See
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)
(op. on reh’g).  

            In reviewing
the trial court’s ruling, we apply a bifurcated standard of review.  See Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Hernandez v. State, 957
S.W.2d 851, 852 (Tex. Crim. App. 1998). 
We give almost total deference to the trial court’s determination of
historical facts, while conducting a de novo review of the trial court’s
application of the law to those facts.  See
Carmouche, 10 S.W.3d at 327. 
The trial court is the exclusive finder of fact in a motion to suppress
hearing, and as such, it may choose to believe or disbelieve any or all of any
witness’s testimony.  Romero v.
State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  Furthermore, when “the trial court fails to
file findings of fact, we view the evidence in the light most favorable to the
trial court’s ruling and assume that the trial court made implicit findings of
fact that support its ruling as long as those findings are supported by the
record.”  State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000). 
If the trial judge’s decision is correct on any theory of law applicable
to the case, the decision will be sustained. 
Id. at 856.  In
applying this standard, we must examine the record as it existed at the time of
the suppression hearing.  State v.
Gray, 157 S.W.3d 1, 5 (Tex. App.–Tyler 2004), aff’d, 158
S.W.3d 465 (Tex. Crim. App. 2005). 

Applicable Law and Analysis

            The Fourth
Amendment to the United States Constitution prohibits unreasonable searches and
seizures.  U.S. Const. amend. IV. 
The Texas Constitution contains a similar prohibition.  See Tex.
Const. art. I, § 9.  These
protections apply when the government conducts the search and/or seizure, but
they do not apply when the search and/or seizure is conducted by a private
party, unless the private party is acting as an agent of the government.  See State v. Comeaux, 818
S.W.2d 46, 49 (Tex. Crim. App. 1991).  To
determine whether a private party is acting as an agent or instrument of the
government, all the circumstances surrounding the search must be examined.  Id.  If the search is conducted independently of
the government, even if officers were present and interested in the search
and/or seizure, the private party is not deemed to have acted as an agent of
the government.  Id. at 50.

            A
warrantless search is unreasonable unless it falls within certain specific
exceptions such as consent.  See Allridge
v. State, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991).  Consent must be given freely, unequivocally,
and without duress or coercion.  Id.  Any person who has joint control or access
over property or other sufficient relationship to the property can validly
consent to the search.  Dawson v.
State, 868 S.W.2d 363, 368 (Tex. App.–Dallas 1993, pet. ref’d).  Furthermore, when incriminating evidence is
in the plain view of an officer, the officer may seize the evidence without
violating the prohibition against unreasonable searches and seizures.  Walter v. State, 28 S.W.3d 538,
541 (Tex. Crim. App. 2000).  To satisfy
the “plain view” doctrine, (1) law enforcement officials must have a right to
be where they are and (2) it must be immediately apparent that the items
constitute evidence, that is, the items seized are associated with criminal
activity.  Id.; Horton
v. California, 496 U.S. 128, 135–36, 110 S. Ct. 2301, 2307, 110 L. Ed.
2d 112 (1990).

            In the case
at hand, Appellant objected to Deputy Stinecipher’s testimony that he and
Deputy Hartman escorted Ms. Kleiner to her house, arguing that the officers had
no warrant to search that residence and that there was an issue as to
consent.  The trial court overruled
Appellant’s objections.[2] 
Assuming arguendo that Appellant preserved error, we will address the
merits of Appellant’s motion to suppress.

            Here, the
record indicates that Ms. Kleiner owned the home in which the drugs and drug
paraphernalia were found.  Furthermore,
Ms. Kleiner consented to have the officers in the home.  See Dawson, 868 S.W.2d at
368.  Ms. Kleiner opened the briefcase
and Altoids® container in front of the officers, at which time the
officers observed the drugs and drug paraphernalia that were seized.  There is no evidence that Ms. Kleiner opened
the briefcase or the Altoids® container at the request of the officers.  The record reflects that the officers
immediately recognized the contents of the briefcase and the Altoids®
container as drugs and drug paraphernalia.

            We conclude
that the record supports that the officers were in the home lawfully by
permission granted by Ms. Kleiner as homeowner and cotenant.  We further conclude that the record reflects
that no search of the briefcase or Altoids® container was conducted
by the officers.  Moreover, when the
contraband came into the plain view of the officers, the officers had the right
to seize the items as evidence.  We hold
that the trial court did not abuse its discretion in overruling Appellant’s
objection to the search of the premises that resulted in the seizure of the
briefcase, drug paraphernalia, and methamphetamine.  Appellant’s first issue is overruled.

Ineffective
Assistance of Counsel

            In his
second issue, Appellant argues that he received ineffective assistance of
counsel due to his trial counsel’s failure to file a motion to suppress
evidence from the alleged search of the house he shared with Ms. Kleiner.  Specifically, Appellant contends that his
counsel was ineffective in that he failed to preserve error related to the
alleged search and subsequent seizure of the methamphetamine and drug
paraphernalia contained in the briefcase.

            Claims of
ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  The first
step requires the appellant to demonstrate that trial counsel's representation
fell below an objective standard of reasonableness under prevailing
professional norms.  Strickland,
466 U.S. at 688, 104 S. Ct. at 2065.  To
satisfy this step, the appellant must identify the acts or omissions of counsel
alleged to be ineffective assistance and affirmatively prove that they fell
below the professional norm of reasonableness.  See McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find
ineffectiveness by isolating any portion of trial counsel’s representation, but
will judge the claim based on the totality of the representation.  Strickland, 466 U.S. at 695,
104 S. Ct. at 2069.

            Under the Strickland
standard, the appellant is also required to show prejudice from the
deficient performance of his attorney.  Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish prejudice, an appellant must
prove that but for counsel's deficient performance, there is a reasonable
probability that the result of the proceeding would have been different.  Strickland, 466 U.S. at 694,
104 S. Ct. at 2068.  A “reasonable
probability” was defined by the Supreme Court as a “probability sufficient to
undermine confidence in the outcome.”  Id.  The appellant bears the burden to prove that
his attorney's errors, judged by the totality of the representation and not by
isolated instances of error, denied him a fair trial.   Burruss v. State, 20 S.W.3d
179, 186 (Tex. App.–Texarkana 2000, pet. ref’d).  It is not enough for the appellant to show
that the errors had some conceivable effect on the outcome of the
proceedings.  Id.  He must show that there is a
reasonable probability that, but for his attorney’s errors, the outcome would
have been different.  Id. 

            In the case
at hand, Appellant argues that his trial counsel was ineffective in that he
failed to file a motion to suppress evidence or otherwise preserve error
related to the admission of the evidence at issue.  With regard to Appellant’s first issue, we
addressed the merits, holding that the trial court did not abuse its discretion
in overruling Appellant’s objection to the search of the premises that resulted
in the seizure of the brief case, drug paraphernalia, and methamphetamine.  As such, even if our previous assumption that
Appellant preserved error is incorrect, Appellant cannot meet his burden under
the second prong of the Strickland test  in light of our holding with regard to
Appellant’s first issue.  Appellant’s
second issue is overruled.

            

Disposition

            Having
overruled Appellant’s first and second issues, we affirm the
trial court’s judgment.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

Opinion delivered October 25,
2006.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
Appellant lived in Ms. Kleiner’s home, which was less than one hundred yards
from his ex-wife’s home.  Ms. Kleiner also lived in the home
part of the time.





[2] Thereafter, the trial court took a proffer of
Stinecipher’s testimony outside the presence of the jury.  The trial court then made the following
factual findings on the record:  (1) only
Ms. Kleiner looked for Appellant’s keys; (2) no search was conducted by the officers;
(3) Ms. Kleiner consented to the officers’ being in the home; and (4) the drugs
and drug paraphernalia came into the plain view of the officers due to the
actions of Ms. Kleiner when she was looking for Appellant’s keys.  Subsequently, the State offered the briefcase
into evidence.  Appellant made no
objection.  When the State later offered
the drug paraphernalia from the briefcase into evidence, Appellant was asked if
he had any objection.  He stated, “Subject
to previous ones, none.”  Finally, when
the methamphetamine was offered into evidence, Appellant objected, stating, “[M]y
objection is ... that they have not linked this to this defendant.”