NO. 12-08-00085-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


SHEILA DIANE HENDRIX,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Sheila Diane Hendrix appeals her conviction for possession of a controlled substance with
intent to deliver. In three issues, Appellant contends that the trial court erred in denying her motion
to suppress. We affirm.


Background


 Appellant and her boyfriend, Steve Samford, shared a trailer home in Eustace, Texas. On
the night in question, Appellant and Samford engaged in an argument. Thereafter, Samford's family
called the Henderson County Sheriff's Office and reported that there was a disturbance which
possibly involved weapons and drugs. The Eustace Police Department was dispatched to investigate
the incident.

 When Eustace Police Department Officer John Dixon arrived at Appellant and Samford's
trailer home, both Appellant and Samford appeared calm. Dixon observed a vehicle in front of the
residence that he later determined was owned by Appellant. Dixon requested permission to search
the vehicle, and both Appellant and Samford consented to the search. During the search of the
vehicle, Dixon discovered methamphetamine.

 Dixon and Chief Robert Walker then requested permission to search the trailer home. Again,
both Appellant and Samford consented to the search. Dixon discovered methamphetamine inside
the trailer home. Appellant and Samford were subsequently arrested. Appellant gave a written
statement in which she acknowledged using and selling drugs. 

 Appellant was charged by indictment with possession of a controlled substance with intent
to deliver. The matter proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as
charged. Thereafter, a trial on punishment was conducted. Appellant pleaded "true" to an
enhancement paragraph regarding her previous conviction for felony driving while intoxicated. The
jury assessed Appellant's punishment at imprisonment for twenty-four years. The trial court
sentenced Appellant accordingly, and this appeal followed.


Suppression of Evidence


 In her first, second, and third issues, Appellant contends that the trial court erred in failing
to suppress the methamphetamine found in her car and the trailer home she shared with Samford.
Specifically, Appellant argues that the trial court erred in failing to suppress evidence from the
search of her vehicle and residence because Appellant gave consent to search before Dixon had read
Appellant her Miranda (1)
 rights. Thus, Appellant argues that evidence that she gave consent was
based solely on Dixon's uncorroborated testimony because her statement on the videotape evidence
offered in addition to Dixon's testimony is inaudible.

Preservation of Error

 Initially, we must determine whether Appellant preserved error regarding the suppression of
evidence concerning the methamphetamine found in her vehicle and trailer home. To preserve error
for appellate review, an appellant must complain to the trial court by a timely request, objection, or
motion. See Tex. R. App. P. 33.1(a). The appellant's objection must be presented with sufficient
specificity to make the trial court aware of the complaint, unless the grounds were evident from the
context. Id. The record must reflect that the trial court ruled on the objection or that the appellant
objected to the trial court's failure to rule. Id. Furthermore, where an appellant states that she has
"no objection" to an offer of evidence, she affirmatively waives the right to have the trial judge
determine the admissibility of such evidence and waives any claim that the trial court erred in
admitting the evidence. See Holmes v. State, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008).

 Here, Appellant relies upon an objection to her statements contained on a videotape to
establish that she objected to the search of her vehicle and trailer home. However, Appellant never
raised an objection that the search of either her vehicle or her trailer home was improper. Further,
when the evidence of methamphetamine found in both her vehicle and her trailer home was offered
at trial, Appellant unequivocally stated, "No objection." Therefore, we hold that Appellant has
waived the error, if any, of which she now complains.

Consent to Search

 Yet, even had we not held that Appellant waived her three issues, the outcome would not
differ. We review a trial court's ruling on a motion to suppress for abuse of discretion. See
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Curry v. State, 965 S.W.2d 32,
33 (Tex. App.-Houston [1st Dist.] 1998, no pet.). A trial court does not abuse its discretion when
its decision is at least within the zone of reasonable disagreement. See Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). 

 In reviewing the trial court's ruling, we apply a bifurcated standard of review. See
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Hernandez v. State, 957 S.W.2d
851, 852 (Tex. Crim. App. 1998). We give almost total deference to the trial court's determination
of historical facts, while conducting a de novo review of the trial court's application of the law to
those facts. See Carmouche, 10 S.W.3d at 327. The trial court is the exclusive finder of fact in a
suppression hearing, and as such, it may choose to believe or disbelieve any or all of any witness's
testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Furthermore, when, as
in the instant case, "the trial court fails to file findings of fact, we view the evidence in the light most
favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that
support its ruling as long as those findings are supported by the record." State v. Ross, 32 S.W.3d
853, 855 (Tex. Crim. App. 2000). If the trial judge's decision is correct on any theory of law
applicable to the case, the decision will be sustained. Id. at 856.

 The Fourth Amendment to the United States Constitution prohibits unreasonable searches
and seizures. U.S. Const. amend. IV. The Texas Constitution contains a similar prohibition. See
Tex. Const. art. I, § 9. A warrantless search is unreasonable unless it falls within certain specific
exceptions, i.e., where a defendant consents to the search. See Allridge v. State, 850 S.W.2d 471,
493 (Tex. Crim. App. 1991). Such consent must be given freely, unequivocally, and without duress
or coercion. Id. A third party may give consent to search property over which they have joint access
or control. Patrick v. State, 906 S.W.2d 481, 490 (Tex. Crim App. 1995). Because giving consent
to search is not a self-incriminating statement, an officer's requesting consent is not an interrogation
within the meaning of Miranda. See Jones v. State, 7 S.W.3d 172, 175 (Tex. App.-Houston [1st
Dist.] 1999, pet. ref'd).

 Dixon testified that both Appellant and Samford consented to the searches of both the vehicle
and trailer home. The trial court was acting within its discretion to believe this testimony, even
absent corroboration from videotape evidence, and to find that Appellant gave valid consent to the
searches. While Appellant consented to the search of the vehicle prior to her being read her Miranda
warnings, there is no evidence that such consent was given under duress or coercion. In fact, after
consenting to the search of her vehicle and being read her Miranda rights, Appellant further
consented to the search of her trailer home. Thus, based on our review of the record, we conclude
that the trial court could have reasonably found that Appellant gave consent to search freely,
unequivocally, and without duress or coercion. Therefore, the trial court did not err in denying
Appellant's motion to suppress. 

 Appellant's first, second, and third issues are overruled.


Disposition


 Having overruled Appellant's three issues, we affirm the trial court's judgment.


 BRIAN HOYLE 

 Justice

Opinion delivered September 24, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.



(DO NOT PUBLISH)
1. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).